### 10292.  EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN *v.* EPPES.

1. A fraternal beneficial order, by the adoption of amendments to its constitution or by-laws, cannot defeat or abridge essential and substantial rights created by a covenant previously entered into in a certificate of insurance issued by it. And this is true despite the covenant holder's agreement to a stipulation in the covenant that the certificate was accepted by him subject to the laws of the order then of force or which might thereafter be enacted.

2. A provision in the certificate that a certain proportionate part of the value of the covenant will be paid to the assured as an accident benefit creates an essential and substantial right in the assured; and a reduction of this benefit by a subsequent change in the constitution or by-laws of the order is such a material change in the certificate as defeats or abridges this right.

3. Though a member of an order, in his original covenant or certificate, agrees to be bound by future changes in the by-laws, an alteration made subsequently to issuance of the covenant will be given a prospective operation, in the absence of a clear intent that it shall operate retrospectively.

4. The judge of the superior court did not err in overruling the certiorari.
DECIDED FEBRUARY 10, 1920.

Certiorari; from Fulton superior court—Judge Pendleton. October 30, 1919.

Application for certiorari was denied by the Supreme Court.

*Brewster, Howell & Heyman, Mark Bolding,* for plaintiff in error.  *J. A. Branch,* contra.

STEPHENS, J.  This was a suit instituted in the municipal court of Atlanta, in October, 1918, by a policy or "covenant" holder against the above-styled fraternal beneficial association to recover premiums paid by him upon a certificate of insurance issued to him in January, 1909, and for interest upon each payment, and was based upon a breach of the contract by the insurer through a large increase in the rate of premium demanded and a decrease in certain substantial benefits under the certificate or "covenant".

A principal and substantial element of the contract of insurance here involved was its feature of accident protection, wherein the assured was protected against the loss of one or both eyes.  If both eyes were lost, then the full accumulated value of the covenant would be paid to him at once, in certain periodical installments. If *one eye* was destroyed, *one half* of the then accumulative value of the covenant was payable *to the assured,* the remainder of the policy being payable to his estate upon his death.

The attempt of the defendant fraternal order to continue the covenant of insurance in force, at the increased rate, conditionally upon a reduction in the material accident-benefit to the covenant holder, among other benefits, of one quarter of its cumulative value, upon the loss of one eye, amounted to a repudiation of a main and substantial element of the insurance contemplated in the contract, and not merely the avoidance of a collateral or incidental benefit. The cumulative value of the covenant at the time of this action taken by the order was $5,000. Half of this amount, or $2,500, must be considered a very substantial part of the consideration, and fifty per cent. reduction of this amount, to be paid the *assured* upon the contigency of the destruction of one of his eyes, would necessarily be a great impairement of the insurance contemplated in the original contract. The contention of the insurance company that there was no reduction in the benefit to the covenant holder, but that there was only a change in the method of payment, and that the full benefit would be paid, the only change being that a part of such benefit would be paid in installments and the balance would be deferred until the death of the assured, is untenable. To assert that, under the policy as changed, part of the benefit was only *deferred* until the death of the *assured* is only another way of asserting that the benefit has been reduced. It follows, that, the defendant having repudiated its contract as to a principal element of insurance provided therein, the plaintiff was entitled to recover the amounts paid in by him as premiums, with interest thereon from the time that each was paid. *Supreme Council* v. *Jordan,* 117 *Ga.* 808 (1) (45 S. E. 33), and cit. This holding is not in conflict with the decision in *Farrow* v. *State Mutual Life Ins. Co.* 22 *Ga. App.* 540 (96 S. E. 446). See, in this connection, L. R. A. 1917E, 1035, note; 1 Bacon on Life & Accident Insurance (4th ed.), 420, § 234, and authorities cited.

Even though the member of the order, in his original covenant, agrees to be bound by future changes in the by-laws, an alteration made subsequent to the issuance of the covenant will be given prospective operation, in the absence of a clear intent that it shall operate retrospectively. Civil Code (1910), § 6: *Ancient Order United Workmen* v. *Brown,* 112 *Ga.* 545 (2) (37 S. E. 890); *Sovereign Camp* v. *Thornton,* 115 *Ga.* 798, 800-1 (42 S. E. 236); 29 Cyc. 72, note 50.

Since the ruling above is controlling in the case, it is unneces-

sary to pass upon the right of the defendant order to increase the premium rates to preserve the life of the order and to comply with the provisions of the act of 1914 (Ga. L. 1914, p. 99, Park's Ann. Code, § 2564(q), 2564(w), 2564(x) ).

The evidence authorized the verdict, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*