DECIDED APRIL 15, 1925.

Action for money had and received; from Clarke superior court —Judge Fortson. November 12, 1924.

*Green & Michael,* for plaintiff in error.

*T. W. Rucker, Lamar C. Rucker, Gerdine Lumpkin, Carlisle Cobb,* contra.

---

16156.    WOODALE *v.* HARTFORD FIRE INSURANCE COMPANY.

BROYLES, C. J. 1. Where it is stipulated in a policy of fire-insurance that no action thereon shall be sustainable against the insurance company unless commenced within twelve months next after the occurrence of the loss, an action brought after the lapse of that period is barred, although the petition shows that the suit is a renewal of a previous action which was commenced within the time limited, and that the second suit was brought within six months after the first one was nonsuited. *Melson* v. *Phenix Insurance Co., 97 Ga. 722.*

(*a*) Such a petition should be dismissed on general demurrer. The ruling in *Smith* v. *Central of Georgia Ry. Co., 146 Ga. 59,* that where a petition shows upon its face that a suit is barred by the statute of limitations, the defendant can not take advantage of the statute by demurring unless the demurrer expressly sets up a reliance on the statute, is not applicable to such a petition as is referred to in the *Melson* case, supra.

2. Under the above rulings the amended petition in the instant case was subject to the general demurrer interposed and the court properly so held. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1925. REHEARING DENIED MAY 14, 1925.

Complaint; from Lamar superior court—Judge Persons. November 22, 1924.

*C. J. Lester, Cleveland & Goodrich,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.