26884. SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* GUNTER.

FELTON, J. 1. A limitation of one year within which to bring an action on a policy of insurance is a reasonable limitation. *Melson* v. *Phenix Insurance Co.,* 97 *Ga.* 722 (25 S. E. 189) and cit.

2. A reasonable limitation upon an action on an insurance certificate, from an unlimited time to a period of one year, is a matter involving a remedy and not a substantial, vested right. *DuBignon* v. *Brunswick,* 106 *Ga.* 317, 327 (32 S. E. 102), and cit.

3. Since the passage of the act of 1914, Code § 56-1610, providing that any changes or amendments to the charter, constitution, or laws, enacted subsequently to the issuance of a fraternal "benefit certificate shall bind the member and his beneficiaries and shall govern and con-

190

trol the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership," a by-law, reasonable and not affecting a valid, substantial right, passed after a certificate is issued to a member of an insurance society, and before the cause of action arose, is binding upon him even though it does not specifically provide that it shall apply to certificates issued before its passage. The act of 1914 was evidently enacted for this purpose, and since the passage of the act the decisions holding that a by-law would not apply to a certificate issued before its passage unless there was a clearly expressed intention that it should so apply, are no longer controlling on this question. In this case a by-law was passed, subsequently to the issuance of the certificate, providing that a suit for total and permanent disability benefits must be brought within one year from the time of a refusal by the society to pay the claim therefor. The instant suit, brought more than one year after such refusal, was too late, and·the court erred in overruling the motion for new trial. The case of *Eminent Household of Columbian Woodmen* v. *Eppes*, 24 *Ga. App.* 762 (102 S. E. 174) is distinguishable because in that case the certificate was issued before the passage of the act of 1914.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

DECIDED NOVEMBER 21, 1938. ADHERED TO ON REHEARING, DECEMBER 10, 1938.

*Robert G. Plunkett, R. F. Scarborough,* for plaintiff in error.
*W. T. Ray, L. Paul Webb, William Hall,* contra.

ON REHEARING.

FELTON, J. It is contended by the plaintiff in error that this case is governed by the case of *Sovereign Camp W. O. W.* v. *Beard,* 26 *Ga. App.* 130 (105 S. E. 629). We can not agree with this contention for the reason that in the above case it was held that the act of 1914, now embodied in Code, § 56-1610, did not repeal by implication the law with reference to the construction of insurance contracts as fixed by certain named Code sections. That point is not involved in this case because the repeal of acts of the legislature or Code sections is not involved, and if anything is repealed the rulings in cases decided by the Supreme Court and the Court of Appeals are repealed, and it is not necessary that these rulings be referred to in the law in order that the repeal of the principle be effected. See *Ancient Order of United Workmen* v. *Brown,* 112 *Ga.* 545 (37 S. E. 890); *Sovereign Camp W. O. W.* v. *Thornton,* 115 *Ga.* 798 (42 S. E. 236); *Eminent Household of*

*Columbian Woodmen* v. *Eppes,* 24 *Ga. App.* 762 (supra) for these rulings. No constitutional question is presented in the bill of exceptions, and therefore there is nothing for this court to transfer to the Supreme Court on this subject.

*Judgment adhered to on rehearing. Stephens, P. J., and Sutton, J., concur.*