28617.  GIBRALTAR FIRE AND MARINE INSURANCE
COMPANY *v.* LANIER.

DECIDED JANUARY 20, 1941.

*Anderson & Trapnell,* for plaintiff in error.

*John D. Kirkland,* contra.

SUTTON, J.  Larsen Lanier brought suit on January 26, 1940, against Gibraltar Fire and Marine Insurance Company to recover $350 under a fire insurance policy, a copy of which policy, issued on December 14, 1938, was attached to the petition.  It was alleged in the petition as amended that on January 10, 1939, the plaintiff's

insured stock of goods was totally destroyed by fire; that on January 20, 1939, the company was notified and furnished with proof of loss, which was received by it on January 23, 1939, but that the company failed and refused to pay the plaintiff according to the terms of the insurance contract; that under the insurance contract the statute of limitations began to run on January 23, 1939, the date of the receipt by the company of the proof of loss, and that the suit was filed on January 26, 1940, 127 days before the expiration of the time in which suit should be brought under the insurance contract providing that "the loss shall not become payable until sixty days after the notice;" that the company waived the statute of limitations on the contract by Donald A. Fraser, its agent and adjuster, trying to make an adjustment with plaintiff and his attorney from time to time, leading them to believe that a settlement would be made without litigation. The policy contained, among others, the following provisions: "This company shall not be held to have waived any provisions or conditions of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of loss herein required have been received by this company, including an award by appraisers when appraisal has been required." "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." "This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulation and conditions printed on back hereof, which are hereby specifically referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor

shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The petition also alleged that the company had acted in bad faith in failing and refusing to make settlement within sixty days from the date of the plaintiff's demand, and had been stubbornly litigious and had forced him to employ an attorney to file suit in order to recover on the policy. Judgment was prayed for $350 principal and for $87.50, 25 per cent. penalty, and $150 attorney's fees on account of the alleged bad faith of the company.

The defendant demurred generally to the petition as amended on the ground, among others, that it showed on its face that any action on said policy must be filed within twelve months from the date of the fire, which fire occurred on January 10, 1939, and that plaintiff's suit not having been filed until January 26, 1940, the action was barred by the limitation of the policy. The exception is to the judgment of the court overruling the defendant's general demurrer.

The petition shows that the fire occurred on January 10, 1939, and that proof of loss was received by the company on January 23, 1939. The company was under no obligation to make settlement until sixty days after the receipt of such proof. For reasons satisfactory to itself the company never made settlement, and suit was brought on the policy on January 26, 1940. The insured demurred on the ground, among others, that it was barred under the express limitation of the policy, and contends that the court erred in overruling the demurrer. The policy provided that "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." Thus it was not only a condition to recovery that proof of loss be submitted but, in the event the company refused to pay the claim, that suit be brought within twelve months next after the fire. Obviously the suit was not so brought. The provision relied upon by the plaintiff in error is valid and binding upon the insured. *Underwriters' Agency* v. *Sutherlin*, 55 *Ga.* 266; *Metropolitan Life Insurance Co.* v. *Caudle*, 122 *Ga.* 608 (50 S. E. 337); *Maxwell* v. *Liverpool Insurance Co.*, 12 *Ga. App.* 127 (76 S. E. 1036). "Where the parties, by agreement, make a fixed and unqualified limitation for themselves, they

abandon all the legal regulations on the subject, and consequently must stand upon their contract as written." *Melson* v. *Phenix Insurance Co.*, 97 *Ga.* 722, 723 (25 S. E. 189) ; *Maxwell* v. *Liverpool Insurance Co.*, supra; *Cherokee Sawmill Co.* v. *N. C. & St. L. Ry.*, 19 *Ga. App.* 475 (91 S. E. 790). Under the above authorities, the suit not having been brought within twelve months next after the fire was barred by the period of limitation expressly agreed upon, and the trial court erred in overruling the defendant's general demurrer.

It is contended by the defendant in error that, as alleged in the petition, the company waived the contractual limitation by the act of its agent and adjuster, Donald A. Fraser, in trying to make an adjustment with the insured and his attorney from time to time, leading them to believe that a settlement would be made without litigation. To support this contention we are cited to *Corporation of the Royal Exchange Assur.* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172, 38 A. L. R. 626), where it was held: "Clauses in insurance policies which prohibit waivers unless endorsed thereon refer only to the provisions which enter into the contract of insurance, and do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice. (*a*) These may be expressly waived, or waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance. (*b*) An adjuster sent to adjust a loss presumably has authority to waive proof of loss." It is urged that, notwithstanding the provision of the policy as to nonwaiver of conditions unless an endorsement as to any agreement changing the requirement of the policy being written on the policy, the adjuster was such an authorized agent as could bind the company, and that the allegations of the petition show that he waived the condition that suit must be brought within twelve months next after the fire. In the *Franklin* case, under the question propounded by the Court of Appeals, the insurer sent an "adjuster" to investigate the loss and stated to an agent of the insured, authorized to adjust and collect the loss, and before the expiration of the time provided in the policy for rendering and filing a proof of loss, that "he had the loss and [would] be back in the next day or two and adjust it," that it would not be necessary for the insured "to fix the proofs of loss" but that

he, the adjuster, "would be back in a day or two and would adjust it," and the Supreme Court held that the insurer waived the time in which the policy specified that proof of loss should be submitted.

It is well settled that in alleging fraud facts must be shown to support the charge. The allegations here relied upon do not show any misrepresentations or facts amounting to fraud and lulling the plaintiff into inaction. It is alleged only that the adjuster sought from time to time to effect a settlement with the plaintiff and his attorney, and nothing except this legitimate and proper conduct is shown to have caused them to believe that a settlement would be made without litigation. No admission of liability is alleged. No promise to pay is shown. No agreement for an appraisal or arbitration and award tolling the limitations expressed in the contract is alleged. See, in this connection, *Insurance Company of North America* v. *Folds*, 35 *Ga. App.* 720 (135 S. E. 107). In *Gallivitoch* v. *Provident &c. Ins. Co.*, 26 *Ga. App.* 385, 390 (106 S. E. 319), it was said: "A statement in a letter from the company to the attorney for the plaintiff that a representative of the company would call upon him 'within the very near future with a view of closing the matter,' and that the company 'will appreciate any assistance shown the doctor in effecting an amiable [amicable?] and fair settlement,' was not a promise to pay, or such a negotiation for settlement as to lull the plaintiff into the belief that he would be paid without suit, especially as it is not shown that the doctor did call 'within the very near future,' or that he ever called at all, or that the negotiation for a settlement ever went further than is shown by this letter. This letter might have been a reason for waiting a reasonable time for the doctor to call in an effort to adjust the matter, but was not sufficient to 'lull him [the plaintiff] into a false security' and cause him to wait beyond the two-year period of limitation embraced in the contract for bringing the suit." In like manner it must be said that the conduct of the adjuster in the present case was not such as to reasonably lull the plaintiff into a false security and cause him to forbear bringing the suit within the required period. No waiver is shown.

While we have dealt with the contention of the plaintiff as to waiver and recognize the applicability of the principles announced in the *Franklin* case, supra, where the question of waiving proof of loss, giving notice, and like matters, is involved (see *Barkley* v.

*American National Insurance Co.,* 36 *Ga. App.* 447, 136 S. E. 803; *Life Insurance Co. of Virginia* v. *Williams,* 48 *Ga. App.* 10, 172 S. E. 101; *Industrial Life & Health Insurance Co.* v. *Winn,* 59 *Ga. App.* 289, 200 S. E. 452), the present case is one to which these principles are not applicable, inasmuch as it does not involve waiver as respects notice, proof of loss, etc., the doing of things *required by the company* as a condition precedent to obtaining the benefits provided by the policy, but involves the question whether the act of an adjuster could create a waiver against the company with respect to the time within which suit must be filed. The filing of a suit, as distinguished from giving notice of a loss or making proof thereof, is not something which the company exacts or by which it is benefited, and the function of an adjuster is to aid in settlement of a claim and not to participate in the filing of a suit. Accordingly, it has been held in *Underwriters' Agency* v. *Sutherlin,* 55 *Ga.* 266: "It is not in the power of local agents, or of adjusting agents of the company, without express authority from the managing officers, to waive such stipulation [that suit must be brought within twelve months from the date of loss], after the loss or damage occurs. Their functions relate to taking risks, delivering policies, adjusting and paying losses and damages, not to enlarging the time for suit beyond the term fixed by contract. However active these subordinate agents may be, or however willing to continue their services down to the last moment, or even after the time for suit has expired, unless they have perpetrated some fraud on the assured by which he is induced to delay the bringing of suit until after the contract bar has attached, he can not allege their conduct as an excuse for his omission to sue." In that case cotton was shipped from Albany, Georgia, to New York City. On arrival at destination about April 20, 1866, it was found to be damaged by fresh water. Payment for damages was refused by the company. The local agent, Rust, assured the plaintiff that his claim was just, and in his opinion would be paid by the company after he had explained to them the facts in the case, and before he knew of its refusal the twelve months period had expired. Rust was insisting that the claim was a just one and should be paid, while his principal in New York was denying liability and demanding more proof. On May 2, 1867, the adjuster of the company wrote the plaintiff, among other things, as follows: "We may also remark in this connection

that, under the limitation clause contained in all policies, the enforcement of any claim of the date you mention would be impossible; if you have a just demand upon us, however, it will, upon the presentation of proper proofs of loss, receive such consideration as it merits." The plaintiff did not file suit until March 6, 1868. The court charged the jury that if they believed from the evidence that the plaintiff did not sue within twelve months because of propositions of settlement held out by duly-authorized agents of the company, or the company itself, then the plaintiff could sue after twelve months; that if Rust was the agent of both parties and, after the loss, made admissions of the correctness of the claim, this was not binding on the defendant unless the proof showed Rust was an adjusting agent and that the fact that he was authorized to accept the risk did not give him the power to settle a loss that happened afterwards unless he was authorized to do so; that an agreement by an adjusting agent, after the year expired, that the claim would be considered if presented with additional proofs was not binding on the defendant so far as to prevent it from pleading that the suit was not brought within time, unless the agent was authorized to make such agreement. While in that case the period of limitation had expired before the adjuster wrote the letter to the plaintiff, the ruling of the Supreme Court does not limit the lack of authority of the adjuster to a situation where a forfeiture has already taken place, but the decision is made on the principle that under the contract the plaintiff must bring his suit within twelve months after the loss occurs, and, unless the adjuster has perpetrated upon the plaintiff some fraud which induces the delay in bringing the suit, can not plead that the conduct of the adjuster, whose function is not to enlarge the time for suit beyond the term fixed by the contract, waived the stipulation of the policy. Under that ruling the adjuster is without authority, not only after the bar of the limitation has attached, but also during the running of the limitation period, to waive the express provision of the policy. This case has never been overruled, and the limitation of authority it puts upon an adjuster was recognized in the *Franklin* case, supra, relied upon by the defendant in error, which holds that an adjuster may by his conduct waive the *proof of loss*, notwithstanding the contract provision that "No officer, agent, or other representative of this company, shall have power to waive any of the terms of this

policy, unless such waiver be written upon or attached hereto," etc. The ruling in the *Sutherlin* case, supra, was also recognized in *Metropolitan Life Insurance Co.* v. *Caudle*, supra. The policy there provided that "No suit shall be brought against the company after one year from the date of the death of the insured." The insured died on March 6, 1902. Suit was filed on July 13, 1903, more than one year after his death. "The defendant demurred to the declaration on the ground that the suit was not brought within the time limited by the contract. To meet this demurrer the plaintiff amended, alleging that immediately after the death of the insured she delivered the policy to the defendant's agent and entered into negotiations looking to a settlement of her claim; that, by conversations had with the agent from time to time, her hopes were raised and she was flattered into believing that the amount of the policy would be paid, if she would remain quiescent, and the representations of the company's agent induced her to postpone bringing suit; that these negotiations were not finally concluded till July 21, 1902, when they were broken off, and the policy returned to her by the company upon the demand of her attorney." After the allowance of the amendment the court overruled the general demurrer to the petition. This judgment the Supreme Court reversed, saying: "The policy sued on in this case gave notice to the insured that the company's agents were not authorized to make, alter, or discharge contracts, nor to waive forfeitures. The plaintiff does not charge that the managing officers of the defendant company in any way misled her or knew of the representations made by its local agent. The insured by his contract stipulated that no action on the policy should be brought after the expiration of one year from his death. The policy was returned to the plaintiff when the negotiations for a settlement were broken off, and she had possession of it for about eight months before this period of limitation expired, with a distinct denial from the insurance company of its liability. No excuse is offered why the action was not brought during this time."

The petition in the present case does not charge that the managing officers of the defendant company in any way misled the plaintiff or induced him to delay the bringing of the suit, and, under the authority of the *Sutherlin* case, no act of the adjuster could effect a waiver against the company of the stipulated limitation. The petition showed on its face that the suit was barred by the

limitation agreed upon, and the trial court erred in overruling the general demurrer of the defendant.

*Judgment reversed.   Stephens, P. J., and Felton, J., concur.*