39988. REECE v. MASSACHUSETTS FIRE & MARINE INSURANCE COMPANY.

DECIDED APRIL 4, 1963.

*Robert D. Engelhart, E. J. Clower,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

BELL, Judge. The petition here is fatally defective for two reasons.

The insurance policy attached to the petition shows on its face that it was effective for only "one year from April 14, 1956 (at noon standard time) to April 14, 1957 (at noon standard time)." The loss occurred on September 25, 1960.

While the policy does contain an annual renewal plan endorsement form which accords to the insured an option to renew the policy annually for 4 successive years with each annual renewal to be evidenced by the issuance of a countersigned renewal certificate, there is not attached to the policy any renewal certificate nor is it shown elsewhere in the petition that renewal

certificates for the successive years were issued by the company. To the contrary the petition affirmatively alleges that the insureds did not pay the premium for the second annual renewal of the policy. By the terms of the annual renewal plan endorsement, the only method by which the option could be exercised was through the payment of a renewal premium not later than the expiration date of the policy or of the last issued renewal certificate. The petition and its exhibit thus conclusively demonstrate that the policy expired by its own terms.

The policy having expired by its own terms and not having been canceled while in force, no duty was imposed upon the company to furnish any notice to the mortgagee regarding the failure of the insured to exercise the option of renewal or of the lapse of the policy. Any duties which the insurer may have had to furnish any notice to the mortgagee were effective only during the life of the policy. The petition contains no allegation of a failure on the part of the company to fulfill any duty it had to the mortgagee between noon of April 14, 1956, and noon, April 14, 1957—the only interval when the policy was effective.

▓ The suit was instituted on February 15, 1962. The property identified in the policy was burned on September 25, 1960. More than 16 months intervened between the loss and the commencing of the action.

One of the provisions of the policy is that, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with, and unless commenced within 12 months next after the inception of the loss."

"This court and the Supreme Court are absolutely committed to the proposition that a condition such as the above in an insurance policy is reasonable and valid" and must be complied with to sustain an action on the policy. *Gallivitoch v. Provident Life &c. Ins. Co.*, 26 Ga. App. 385, 387 (106 SE 319).

Plaintiff in error concedes in his brief that because of this clause he cannot maintain an action for breach of the contract. He ingeniously attempts to circumvent this disaster by labeling his petition as an action ex delicto with the expectation that through this means he will be able to invoke the usual statutory

time limitation for bringing tort actions. If there were merit in the theory, we would be required to determine whether the petition waived the contract and sued in tort as authorized by *Code* § 105-105. However, as we view it, we do not think it at all necessary to decide whether the petition is ex contractu or ex delicto. It makes no difference. In either proceeding the valid stipulation of the contract limits the time within which the action may be sustained to 12 months after the loss. Every right claimed by the petitioner as mortgagee, as well as every duty allegedly breached by the insurer, all evolve from the one source—the written contract of insurance. If there were any duty imposed on the insurer to notify the plaintiff in writing 10 days before any cancellation of the policy; or to notify him of any failure or neglect of the mortgagor to pay premiums upon the renewal of the policy; or to notify and warn the mortgagee of the default of the mortgagor so as to enable the mortgagee to protect his interests, these duties could only have arisen under the provisions of the insurance policy. Obviously, as the mortgagee claims these duties were owing to him under the policy by the insurer, he in turn would necessarily be bound by any provision of the policy which might inure to the benefit of the insurer. One of these is the condition that suit must be brought within 12 months of the loss. "Valid terms of the contract itself which limit the amount of damages for which the defendant will be liable, or require notice of a claim within a time limit, or the like, are quite generally held to apply even though the action is in tort." Prosser, The Borderland of Tort and Contract, in Prosser, Selected Topics on the Law of Torts (1954) 445.

As this fire insurance policy contains the provision that no action on it is sustainable unless commenced within 12 months after inception of the loss, and since more than 12 months passed before the suit was filed after the loss, the petition was properly dismissed on general demurrer. It was not necessary for the defendant to expressly set forth a reliance on the statute of limitation. *Peeples v. Western Fire Ins. Co.*, 96 Ga. App. 39 (99 SE2d 349); *Gallivitoch v. Provident Life &c. Ins. Co.*, 26 Ga. App. 385, supra; *General Ins. Co. of America v. Lee Chocolate Co.*, 97 Ga. App. 588 (103 SE2d 632); *Woodall v. Hartford*

*Fire Ins. Co.*, 33 Ga. App. 694 (128 SE 69) ; *Melson v. Phenix Ins. Co. of Brooklyn*, 97 Ga. 722 (25 SE 189).

Judgment affirmed. *Carlisle, P. J., and Hall, J., concur.*