41804. NIAGARA FIRE INSURANCE COMPANY v. POWELL.

Argued February 7, 1966—Decided March 11, 1966.

Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, John D. McLanahan, Gerald P. Thurmond, for appellant.

W. D. Ballard, Troy R. Thigpen, for appellee.

FELTON, Chief Judge. 1. A one-year contractual limitation upon the filing of such an action as is here involved has been held valid by the Supreme Court and this court. *Springfield Fire &c. Ins. Co. v. Carter*, 110 Ga. App. 382 (1, 3) (138 SE2d 590); *Aiken v. Northwestern Mutual Ins. Co.*, 106 Ga. App. 220 (126 SE2d 630) and cit.

2. Where an action is brought on a policy containing a one-year contractual limitation upon the filing of an action on the policy the petition must allege either a waiver of the provision or an estoppel against the insurer to rely on the provision of the policy limiting the time for filing the action. *Neese v. Milwaukee Mechanics' Ins. Co.*, 84 Ga. App. 473 (66 SE2d 172); *Delta Ins. Co. v. Wood*, 99 Ga. App. 58 (107 SE2d 693).

3. In the absence of allegations in the petition that the insurer had done anything which could be construed as a waiver of the time for filing the action or to show an estoppel against the insurer to assert the limitation, the petition was subject to the general demurrer. *General Ins. Co. of America v. Lee Chocolate Co.*, 97 Ga. App. 588 (103 SE2d 632); *Stanley v. Sterling Mutual Life Ins. Co.*, 12 Ga. App. 475 (77 SE 664); *Knights of Ku Klux Klan v. Fidelity & Deposit Co. of Maryland*, 47 Ga. App. 12 (169 SE 514). There is no contention that there was an agreement for an appraisal or arbitration. See also *Underwriters Agency v. Sutherlin*, 55 Ga. 266, 267 and *Gibraltar Fire*

& *Marine Ins. Co. v. Lanier,* 64 Ga. App. 269 (13 SE2d 27). Cases such as *Cordell v. Metropolitan Life Ins. Co.,* 54 Ga. App. 178 (187 SE 292) are not applicable here because in those cases the limitation of action was not dated from the time of loss but from the expiration of the time within which a proof of loss was required to be filed.

The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Frankum and Pannell, JJ., concur.*