### 42021. YATES v. COTTON STATES MUTUAL INSURANCE COMPANY.

Bell, Presiding Judge. Plaintiff brought this action against the defendant insurer to recover upon a fire insurance policy for loss caused by lightning which struck plaintiff's residence. The petition revealed that plaintiff and the insurer had ascertained the amount of loss pursuant to policy provisions relating to arbitration only of the amount of loss. Since there was no agreement by the insurer to pay the amount of loss found by the appraisers, the appraisement did not constitute either

a common law or a statutory arbitration, could not determine the insurer's liability, and could not alone be the basis of a cause of action or judgment. The question of liability remaining open, the appraisement was nothing more than a contractual method of ascertaining the amount of the loss, suit for which could be founded only upon the policy. See *U. S. Fidelity &c. Co. v. Corbett*, 35 Ga. App. 606, 613 (4) (134 SE 336); *National Fire Ins. Co. v. Shuman*, 44 Ga. App. 819 (2) (163 SE 306); *Jordan v. General Ins. Co.*, 92 Ga. App. 77 (2) (88 SE2d 198). It follows that this was not a suit upon the "award," ascertained by the appraisers, but was instead an action on the policy. The provision in the policy that no action on the policy would be maintainable "unless commenced within twelve months next after inception of the loss" was a valid limitation of the time within which suit must be brought, and would bar an action brought after expiration of that time. *Melson v. Phoenix Ins. Co.*, 97 Ga. 722 (25 SE 189); *Metropolitan Life Ins. Co. v. Caudle*, 122 Ga. 608 (50 SE 337); *McDaniel v. German American Ins. Co.*, 134 Ga. 189 (1) (67 SE 668); *Woodall v. Hartford Fire Ins. Co.*, 33 Ga. App. 694 (128 SE 69); *Springfield Fire &c. Ins. Co. v. Carter*, 110 Ga. App. 382 (138 SE2d 590). The policy period of limitation was tolled by pendency of the appraisal proceeding. *National Union Fire Ins. Co. v. Ozburn*, 57 Ga. App. 90, 92 (194 SE 756); *Peeples v. Western Fire Ins. Co.*, 96 Ga. App. 39, 42 (99 SE2d 349). However, this suit was brought more than twelve months after the loss occurred, after tolling the period of time the appraisal proceeding was pending. The trial court did not err in sustaining the defendant's general and special demurrers to the petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

Submitted May 4, 1966—Decided September 14, 1966—
Rehearing denied September 28, 1966.

*Wyatt & Wyatt, L. M. Wyatt,* for appellant.
*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellee.