### 46533.   MODERN CARPET INDUSTRIES, INC. v. FACTORY INSURANCE ASSOCIATION et al.

HALL, Presiding Judge. In a suit against its insurer (among others), plaintiff appeals from the grant of summary judgment and the dismissal of the insurer as a defendant.

Plaintiff's suit against Factory Insurance Association is in two counts. The first alleges liability under the policy for an alleged explosion and asks as damages the amount of the loss. The second count alleges bad faith in refusal to pay the loss, and asks for additional damages of 25% of the loss and attorney's fees.

The loss occurred in October of 1968, when, due to a dis-

puted cause, a hydraulic fork lift sprayed fluid over a substantial quantity of plaintiff's carpeting inventory. Plaintiff notified the local agents who had obtained the policy and they presumably notified Factory since Factory then designated an independent adjusting agent to investigate the claim. A good deal of correspondence (submitted by plaintiff on the motion) passed among all those involved. There is some suggestion in these letters that the claim may have been informally denied even before plaintiff filed its formal proof of loss (which was late), and that subsequently, plaintiff requested further investigation and reconsideration. However, the documentary evidence shows that the claim was definitely and finally denied by April, 1969. Nevertheless, plaintiff did not file suit until February, 1970.

The policy contains a clause which limits the time for an action on the policy for recovery of a claim to a period of 12 months following the inception of the loss.

Plaintiff contends that Factory's waiver of a timely filed proof of loss, plus the 5½ month delay in denying the claim, led it to believe that Factory would not insist upon strict compliance with the 12-month limitation period. In other words, plaintiff contends the above actions of Factory created a waiver of the 12-month limitation. Plaintiff cites several cases in which courts have either found a waiver or a tolling of the limitation period. None of these cases is applicable here. Each involved investigations, negotiations, or assurances by the insurance company up to and past the period of limitation which would have led the insured to believe the limitation would not apply. Here, there was a final denial well within the period and absolutely no evidence or explanation from plaintiff as to why it waited another 11 months to bring suit. There is certainly no evidence that the conduct of the company lulled or prevented plaintiff bringing the action within the stipulated time and therefore the suit is barred. *Metropolitan Life Ins. Co. v. Caudle,* 122 Ga. 608 (50 SE 337).

Plaintiff also contends that the contractual limitation does not apply to its second count (bad faith refusal to pay) since this is not an action on the policy but a statutory right of action granted by *Code Ann.* § 56-1206 and therefore falls within the 20-year limitation for statutory actions under *Code Ann.* § 3-704.

However, this court has held that regardless of the form of the action, if the source of the right claimed has evolved from the written contract of insurance, the limitations contained in it supersede any other general statutory limitations. See *Reese v. Massachusetts Fire &c. Ins. Co.,* 107 Ga. App. 581 (130 SE2d 782), and *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269 (13 SE2d 27).

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 20, 1971—DECIDED NOVEMBER 15, 1971— REHEARING DENIED DECEMBER 7, 1971—

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, D. N. Love,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., J. Arthur Mozley,* for appellees.