## 51043. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. COLLINS et al.

WEBB, Judge.
Fifteen-month-old Sherri Mullinax, by her next friend and mother, Nancy Mullinax, brought suit against

Bill and Jo Ann Collins seeking to recover for personal injuries allegedly sustained by Sherri at the Collins home. The Collins were insured under a homeowner's policy issued by Nationwide Mutual Fire Insurance Company. The insurance company filed the present declaratory judgment action, seeking a judgment that it owed no defense to the Collins because the policy provides that it would not apply to any activities in connection with a business solely owned by an insured nor would it apply to business property defined as property on which a trade, profession, or occupation is being practiced as either primary or supplementary source of income.

When injured, Sherri was in the Collins home under an arrangement whereby Mrs. Mullinax paid Mrs. Collins $5 per day for caring for Sherri and her three-year-old brother while Mrs. Mullinax was at work. This was generally Monday through Friday. Mrs. Mullinax brought the children over at 7:00 in the morning and picked them up at 5:00 in the afternoon. Mrs. Collins fed the two small children breakfast along with her own eight and ten-year-olds, who went to school about 8:45. She also gave lunch to the Mullinax children. Mrs. Collins did not offer services as a baby-sitter or a nursery, keeping only the Mullinax children; she was not licensed as such, and never so advertised; sometimes she kept the children for nothing; and she used the money to help buy food for the children and to pay her expenses in taking ceramic lessons one day a week.

On the day of the injury, Tuesday, November 11, 1972, Mrs. Collins had gone to her ceramics class. She had a neighbor, Mrs. Ruth Price, come in from 9 to 12 to look after the children, as she had done previously and to whom she paid $5 each time. Mrs. Price had put Sherri on the floor to change her diaper, the phone rang, and while she was on the phone Sherri burned her hand on the floor furnace grill in the hall.

The insurance company contends it has no obligation under the homeowner's policy to defend the Collinses in an action for damages resulting from Sherri's blistered hand, because of certain "business pursuits" exclusion clauses in the policy. Its motion for summary judgment was denied, and the insurance company appeals.

Section II, Part I, Paragraph 1, of the policy provides "This insurance covers the named insured and members of his family, including any other person under the age of twenty-one in the care of any of the foregoing, residing in the same household . . . If an accident or occurrence should take place involving persons covered by Section II of this policy, Nationwide is obligated with respect to A. Bodily Injury and Property Damage to pay on behalf of the Insured all sums which he shall become legally obligated to pay (1) as damages because of bodily injury, sickness or disease, and death at any time resulting therefrom, . . . and (2) as damages because of injury to or destruction of property, including loss of use thereof . . ."

In seeking to avoid liability the insurer refers to two provisions in the policy, subparagraphs (d) and (f) of Paragraph 1, Part II, Section II, and quotes in part therefrom certain clauses which it contends exclude coverage. To put these clauses in proper perspective, and to demonstrate the clarity, or lack of clarity, of the alleged exclusions form liability we quote the paragraphs in full, italicizing the quoted phrases upon which the insurer bases its argument. They read, "This Policy does not apply: 1. *Under* A (*Bodily injury* and property damage) and C (guests medical expenses) to . . . d. *business property which means property on which a trade, profession or occupation is being practiced as either principal or supplementary source of income,* except an incidental office, school, studio, barber or beauty shop on part of the described premises only when such occupancy has been indicated in the Declarations of this policy; property rented in whole or in part to others, or held for such rental, by an Insured, except one or two-family dwellings rented or held for rental by the named Insured shall not be deemed business property if such dwellings are indicated in the Declarations of this policy; and farms . . . f. any errors or omissions in the rendering of a professional service, except teaching: *activities in connection with a business solely owned by an Insured or owned by a partnership of which an Insured is a partner, except such acts as are ordinarily incident to non-business pursuits or activities on the described premises, incident to the operation of an office, school, studio, barber or beauty shop*

*and only when such occupancy has been indicated in the Declarations of this policy."*

That part of subparagraph "d" quoted and relied upon by the insurer seems to us to be applicable solely to damages to property, and not bodily injuries as in the instant case.

The insurer contends that liability under Part A does not apply under subparagraph "f" to "activities in connection with a business solely owned by an Insured," asserting that because Mrs. Collins received $5 per day for feeding two children two meals and kept them in her home from 7 a.m. to 5 p.m. she was engaged in a "business." Those of us who may have left our children or grandchildren in the home of a neighbor to care for during the day, and for pay, would be hard put to conclude that our neighbor or her teen-age daughter was engaged in a business pursuit. Indeed, as Justice Mosk said in Crane v. State Farm Fire & Cas. Co., 5 Cal. 3d 112 (485 P2d 1129) (1971), "it is difficult to conceive of an activity more ordinarily incident to a noncommercial pursuit than home care of children." We are unwilling to hold that babysitting for pinmoney is a commercial business.

Assuming arguendo, however, that by keeping and feeding her neighbor's two children for $5 per day Mrs. Collins was in fact engaged in a business within the exclusionary clause of the homeowner's policy, such exclusion applies to "activities in connection with a business . . . *except such acts as are ordinarily incident to non-business pursuits.*" (Emphasis supplied.) Certainly the maintenance of heat for her home for herself and her own children, as was done here by a floor furnace, was an activity ordinarily incident to a non-business pursuit.

In Gulf Ins. Co. v. Tilley, (CA 7, Ind.) (1968) 393 F2d 119, the insured was babysitting for a two-and-1/half-year-old child in her residence. She plugged in an electric percolator to prepare breakfast for herself and a guest, the percolator overturned and the child was severely burned. The insurer sought a declaratory judgment that its homeowner's policy did not provide coverage for the accident in question. The court (apparently applying Indiana laws) held that although the insured's babysitting for compensation might

constitute a business pursuit within the policy exclusion, the babysitter's preparation of hot coffee was "incident to non-business pursuits" within the exception to the exclusion clause providing that the policy did not include coverage for business pursuits "except activities which are ordinarily incident to non-business pursuits." The court in concluding that there was coverage observed that any other interpretation of the excepting clause would render it meaningless.

Also, Crane v. State Farm Fire & Cas. Co., 5 Cal. 3d 112, supra, involved babysitting for compensation. Mrs. Chamberlain agreed to provide child care services in her home for her neighbor's two young children five days a week for approximately eight hours per day for $25 weekly plus some groceries. Andrea, two and one-half years old, suffered burns to her left hand in an accident. The insurance company refused reimbursement for medical expenses, relying on a clause in the homeowner's policy it had issued that it does not apply "to any business pursuits of an Insured, other than activities therein which are ordinarily incident to non-business pursuits . . ." The Supreme Court of California held there was coverage, observing that "it cannot be said . . . that the improper maintenance of premises for the safety of a small child or the negligent supervision of the child to avoid the hazards upon the premises is plainly outside the scope of the term 'activities' as used in the policy . . . [T]he reference to 'activities' of the insured is not a bar to coverage."

Exceptions and exclusions must always be taken most strongly against the insurer. *Georgia Farm Bureau Mut. Ins. Co. v. Coleman,* 121 Ga. App. 510 (174 SE2d 351). Furthermore, "the contract as a whole must be looked to in arriving at the construction of any part." *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375). The test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney. The second page of the policy illustrates its coverage as follows:

"One picture is worth more than ten thousand words."[1] The illustration states that the policy "protects you against claims arising from accidents to others involving [see third drawing next to bottom] children under 21 in your care."

Insurance contracts are governed by the same rules of construction or interpretation, for the purposes of ascertaining the intention of the parties, as apply to other contracts. *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837 (1) (114 SE2d 21). One of these rules is that the policy must be "construed strictly in favor of the insured and against the insurer." *Sovereign Camp, W. O. W. v. Heflin,* 188 Ga. 234, 235 (2) (3 SE2d 559). Any reasonable doubt as to uncertain language will be resolved against the insurer. And the intention of the parties "shall be enforced, irrespective of all technical or arbitrary rules of

---

[1] An old Chinese proverb attributed to Confucius.

construction." Code § 20-702. Where an insurance company seeks, as herein, to invoke an exclusion contained in its policy, it has the burden of showing that the exclusion exists and that the facts come within it. *Darby v. Interstate &c. Ins. Co.,* 107 Ga. App. 409 (130 SE2d 360); *Southern Guar. Ins. Co. v. Duncan,* 131 Ga. App. 761, 764 (206 SE2d 672). The insurer failed to meet this burden, and its motion for summary judgment was properly denied.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 6, 1975 — DECIDED OCTOBER 22, 1975 — REHEARING DENIED NOVEMBER 14, 1975 

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Fred W. Ajax, Jr.,* for appellant.

*Cheeley & Chandler, Joseph E. Cheeley, Merritt & Pruitt, Glyndon C. Pruitt,* for appellees.