53176. QUEEN TUFTING COMPANY v. FIREMAN'S FUND INSURANCE COMPANY.

Quillian, Presiding Judge.

Queen Tufting Company filed a complaint against its insurer, the defendant, Fireman's Fund Insurance Company, seeking recovery for loss of yarn by theft. The defendant insurance company filed its motion for summary judgment on the ground that plaintiff's failure to file suit within the time stated in the insurance contract barred this action. The court granted defendant's motion. Plaintiff appeals. *Held:*

The policy of insurance issued by defendant to the plaintiff contains the following: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve (12) months next after the happening of the loss, unless a longer period of time is provided by applicable statute." The theft of the yarn of plaintiff occurred in October and November, 1973. Defendant denied the claim

of plaintiff and suit was filed May 5, 1976 — more than two years after the loss of property for which the claim was made.

Plaintiff cites *Patrick v. Travelers Ins. Co.,* 51 Ga. App. 253 (180 SE 141), which held: "Where a policy of insurance contains *no limitation* as to when suit thereon shall be filed, the period of limitation of action thereon is six years." (Emphasis supplied.) *Patrick* is inapposite. Here the policy did contain a period of limitation of twelve months. The crucial question is whether the contract limitation of 12 months applies or is there "a longer period of time provided by applicable statute."

Plaintiff contends that as an insurance contract is a simple contract the six year limitation of Code § 3-705 applies. We can not agree. Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties as applies to other contracts. *Southeastern Fidelity Ins. Co. v. Fluellen,* 128 Ga. App. 877, 879 (198 SE2d 407). One of those rules is that the policy must be construed strictly in favor of the insured and against the insurer. *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 676 (222 SE2d 828). However, "[t]he cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code § 20-702. We find the intent of the parties to be clear. Any action on the policy must be commenced within 12 months unless there was a statute applicable to insurance contracts which required a longer period of limitation of actions. We have examined Title 56, Insurance, of the Code of Georgia and find no limitation of actions statute applicable to fire and theft insurance policies and none has been brought to our attention.

"This court has decided that a contract limitation upon the right to sue, fixing a shorter period than that allowed by statute [Code § 3-705], is lawful, 'provided the period fixed be not so unreasonable as to raise a presumption of imposition of undue advantage in some way.' " *Melson v. Phenix Ins. Co.,* 97 Ga. 722, 723 (25 SE

189); *Reece v. Mass. &c. Ins. Co.,* 107 Ga. App. 581 (2b) (130 SE2d 782); *Yates v. Cotton States Mut. Ins. Co.,* 114 Ga. App. 360 (151 SE2d 523). A twelve month limitation of action clause in an insurance policy is valid and binding. *Darnell v. Fireman's Fund Ins. Co.,* 115 Ga. App. 367 (154 SE2d 741). Further, "if the source of the right claimed has evolved from the written contract of insurance, the limitations contained in it supersede any other general statutory limitations." *Modern Carpet &c., Inc. v. Factory Ins. Assoc.,* 125 Ga. App. 150, 152 (186 SE2d 586); *Pa. Millers &c. Ins. Co. v. Thomas Milling Co.,* 137 Ga. App. 430 (1) (224 SE2d 55). We emphasize that these latter two cases specifically hold that "the limitations contained in [the contract] supersede any other general statutory limitation." 125 Ga. App. 152 and 137 Ga. App. 431. The statute on limitation of actions on simple contracts is such a "general statutory limitation," which this court has consistently held may be disregarded if both parties have agreed to a shorter period of time in the contract. *Melson v. Phenix Ins. Co.,* 97 Ga. 722, 723, supra; *Reece v. Mass. &c. Ins. Co.,* 107 Ga. App. 581 (2b), supra; *Yates v. Cotton States Mut. Ins. Co.,* 114 Ga. App. 360, supra; *Darnell v. Fireman's Fund Ins. Co.,* 115 Ga. App. 367, supra.

The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., Marshall, McMurray and Shulman, JJ., concur. Bell, C. J., Webb and Smith, JJ., dissent.*

Argued January 10, 1977 — Decided March 10, 1977 — Rehearing denied March 31, 1977 —

*Mitchell, Mitchell, Coppedge, Boyett & Wester, William T. Boyett,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Frederick E. Link, Robert L. Pennington,* for appellee.

Bell, Chief Judge, Webb and Smith, Judges, dissenting.

We believe the majority is mistaken in its

construction of the language of the insurance contract in question and the application of the cases cited in the opinion, all of which are correct statements of the law, but inapplicable to this case.

The language in the insurance contract before us is: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve (12) months next after the happening of the loss, *unless a longer period of time is provided by applicable statute.*" (Emphasis supplied.) In each of the cases cited by the majority, there is a period after the word "loss." Stated differently, the underscored language above did not appear.

It is well settled that an insurance policy is simply a contract between the insurer and the insured. It is equally well settled that contracts of insurance are to be construed against the maker. This rule is particularly applicable where the insurer is moving for summary judgment. Code Ann. § 3-705 provides for a six-year limitation on contract actions. This statute applies to *all* contracts. The cases cited by the majority well document the rule that parties to a contract may agree to further limit the period within which an action can be brought. However, the insurer in this case placed conditional language ("unless a longer period of time is provided by applicable statute") on the twelve-month limitation period.

We believe the trial judge erred in granting the insurer's motion for summary judgment. We would reverse.