### 56350. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION v. YORK INSURANCE COMPANY.

DEEN, Presiding Judge.

The appellant mortgagee was named as loss payee on an insurance policy taken out by the owner with the appellee insurer covering a described house and lot. The house was totally destroyed by fire on October 18, 1975, while the policy was in effect. The mortgagee foreclosed against the property and sold it on September 7, 1976, realizing from the sale only a small portion of the secured debt. It then sued the insurance company on March 4, 1977, seeking to recover the difference between the face of the policy and the amount realized on the foreclosure sale. Summary judgment was granted the insurer and the mortgagee appeals. *Held:*

1. One contention made by the appellant is that the inception of loss under the policy was not the date of the fire but the date of the foreclosure sale. This construction of the policy is untenable. The loss occurred under the fire

policy when the house burned.

2. Although the mortgagee wrote the insurer notifying it of the fire on December 11, 1975, it did not file this action until almost 17 months later. The insurer's motion for summary judgment was granted on the basis that this time exceeded the contractual period of limitations in the policy which stipulated that no suit is sustainable unless all requirements of the policy have been complied with "and unless commenced within 12 months next after inception of the loss." One of the policy requirements is that the insured give immediate written notice of any loss and within 60 days submit a sworn proof of loss. Such a contractual limitation drastically shortens the otherwise applicable six-year limitation on simple contracts, and, where its application would work a forfeiture of the policy benefit, "the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company." *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 925 (115 SE2d 474) (1960). Such a construction eliminating the 12-month limitation was applied in *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 239 Ga. 843 (239 SE2d 27) (1977), under the special language of that insurance contract.

3. Insurance policies regularly have one of two sorts of mortgagee payment clauses. Where the loss is paid to the loss payee named as its interest may appear this constitutes a simple or open-mortgage clause under which the mortgagee is a mere appointee of the fund whose right of recovery is not greater than that of the mortgagor. 43 AmJur2d 748, Insurance, §§ 765, 766; *Southern States Fire &c. Ins. Co. v. Napier,* 22 Ga. App. 361 (96 SE 15) (1918). Conversely, where the loss payable clause contains language stipulating that, as to the mortgagee, the insurance shall not be invalidated by any act 'or neglect of the mortgagor or owner of the property, the effect of such language, referred to as the New York standard, or union mortgage clause is to create a separate and distinct contract on the mortgagee's interest and give to it an independent status. Id., Hn. (2). Thus, under the standard clause, the mortgagee may frequently recover although the insured owner could not. *Employers' Fire*

*Ins. Co. v. Pa. Millers Mut. Ins. Co.,* 116 Ga. App. 433 (3) (157 SE2d 807) (1966). The policy language set out in the *Employers' Fire Ins. Co.* case, insofar as it is quoted at the top of page 436, is identical with the equivalent language in the policy here, and constitutes the mortgagee an independent contractor with a status distinct from that of the named insured. Accordingly, the penalty provisions of the contract do not necessarily control the duties of the mortgagee, but these will be determined by an examination of the policy as a whole.

4. As to the mortgagee, this policy requires the following: "If the insured fails to render proof of loss such mortgagee, *upon notice,* shall render proof of loss. . . within 60 days thereafter *and* shall be subject to the provisions hereof relating to appraisal and time of payment *and of bringing suit.*" (Emphasis supplied.) Upon a construction of this sentence depends the fate of the summary judgment order. Construed against the insurer who drew the contract, it sets forth the duties of the loss payee, the time when such duties arise, and the consequences of failing to observe them. Where, as here, the insured for whatever reason failed to file proofs of loss (or so far as this record shows even to make a claim) the insurer may give notice of this fact to the loss payee, and the loss payee shall then supply the proofs of loss, and thereafter, it shall be subject to the duties and penalties which the policy requires of the named insured insofar as they refer to the mechanism of appraisal, the time of payment, and the time of bringing suit. If this is true, the converse must be equally true: until the mortgagee is notified of the failure of the insured to file proofs of loss it has no duties and incurs no penalty for failure to file. Notice to the loss payee is a condition precedent if the insurer wishes to bind it to the mechanics of prosecuting its claim where the insured fails to do so.

*Reece v. Mass. Fire &c. Ins. Co.,* 107 Ga. App. 581 (130 SE2d 782) (1963) is not applicable because there the policy expired under its own terms; after the expiration date the mortgagee had no more right than the insured to prosecute a claim for a loss subsequently occurring. The insurer also cites *Modern Carpet Industries v. Factory Ins. Assn.,* 125 Ga. App. 150 (186 SE2d 586) (1971) to the effect

that where the source of the right evolves from the contract, the limitations in the contract supersede other statutory limitations. This is true with the two caveats above mentioned: that the penalty provisions be strictly construed, and that they not be applied as against a loss payee created by a standard mortgage clause unless the intent to make such application is clearly shown.

Until notice to it of the failure of the insured to comply with policy requirements for filing proofs of loss, there is no burden on the mortgagee to step into the shoes of the insured, file proofs of loss, and comply with other policy provisions relating to the duties of the insured regarding appraisal, time of payment, and time of bringing suit. Under these circumstances the mortgagee may recover although the insured could not. In such case, as in the *Queen Tufting Co.* case, supra, the statute of limitations applicable is six years.

*The grant of summary judgment is reversed. Smith and Banke, JJ., concur.*

Submitted September 11, 1978 — Decided October 12, 1978 — Rehearing denied October 30, 1978 —

*McCurdy & Candler, George H. Carley,* for appellant.

*Van Gerpen & Bovis, Richard W. Summers, John M. Bovis,* for appellee.