## 57762. GRAVELY v. SOUTHERN TRUST INSURANCE COMPANY.

UNDERWOOD, Judge.

This is a suit upon an insurance contract which provides, inter alia: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable . . . unless commenced within twelve months next after inception of the loss." "7. Conformity with Statute. The

terms of this policy and forms attached hereto, which are in conflict with the statutes of this state wherein this policy is issued are hereby amended to conform to such statutes."

Plaintiff, having filed suit some eighteen months after the loss, contended that under *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 239 Ga. 843 (239 SE2d 27), (1977) reversing 141 Ga. App. 792 (234 SE2d 354) (1977), he had six years to sue pursuant to Code § 3-705, which fixes the period of limitation for actions on simple contracts in writing. The trial court held that *Queen* was not controlling and granted summary judgment to the insurer. We affirm.

In *Queen* the policy provided: " 'No suit or action on this policy for the recovery of any claim shall be sustainable . . . unless . . . commenced within twelve (12) months next after the happening of the loss, *unless a longer period of time is provided by applicable statute.*' " (Emphasis supplied.) This court held that Code § 3-705 was not an "applicable statute" (*Queen,* supra); the Supreme Court disagreed. *Queen,* supra. However, we do not regard that ruling as dispositive here because, as seen, the contract in *Queen* fixed the limitation period at twelve months "unless a longer period of time is provided by applicable statute." It is thus apparent that the "longer period" was, in fact, the limitation period as a matter of definition under the contract itself, and we subsequently recognized the Supreme Court's *Queen* decision as one resulting "under the special language of that insurance contract." *Decatur Federal Savings & Loan Assn. v. York Ins. Co.,* 147 Ga. App. 797, 798 (250 SE2d 524) (1978).

However, that provision is absent here, and plaintiff cannot take refuge under the instant contract's "Conformity with Statute" clause. It applies only where the contract and statutes "are in conflict"; and under the cases cited in this court's *Queen* decision, supra, none of which were disturbed by the Supreme Court's handling of that case, the twelve-month limitation period in the instant contract is enforceable and not in conflict with Code § 3-705. Accord, *Draughn v. U. S. Fidelity &c. Co.,* 144 Ga. App. 272 (241 SE2d 52) (1977).

*Judgment affirmed. Deen, C. J., Quillian, P. J.,*

*Smith, Banke and Birdsong, JJ., concur. McMurray, P. J., Shulman and Carley, JJ., dissent.*

SUBMITTED MAY 2, 1979 — DECIDED SEPTEMBER 4, 1979 —

*James M. Barnes,* for appellant.
*John Avrett,* for appellee.

McMURRAY, Presiding Judge, dissenting.

This case involves the grant of summary judgment in favor of the defendant insurer based upon the contract of insurance between it and the plaintiff. Apparently the policy is based upon the standard fire policy authorized by Code Ann. § 56-3201 (Ga. L. 1960, pp. 289, 741) which authorizes a clause that no suit or action on the policy for the recovery of any claim "shall be sustainable . . . unless commenced within twelve months next after inception of the loss."

Ordinarily, the law states that "[a]ll actions upon . . . simple contracts in writing shall be brought within six years after the same shall have become due and payable." Code § 3-705. It has clearly been established that this statute of limitation as to simple contracts applies to insurance policies. *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 239 Ga. 843 (239 SE2d 27), reversing s.c., 141 Ga. App. 792 (234 SE2d 354). However, the majority here seeks to distinguish that case from the case sub judice in that the policy clause in that case, called the "Suit" clause, stated that the longer period of time as provided by applicable statute would apply. The Supreme Court held that Code § 3-705 was an "applicable statute," hence the law and the policy there provided for a six-year statute of limitation.

Here, in another part of the policy, in the case sub judice we find the following: "The terms of this policy and forms attached hereto, which are in conflict with the statutes of this state wherein this policy is issued [Georgia], are hereby amended to conform to such statutes."

Georgia has such a statute (Code § 3-705)

authorizing six years in which suit may be brought on a simple contract. The majority holds there is no conflict between the policy and the statute. To this I agree but for a far different reason. The policy here states that if there is a conflict "with the statutes of this state" then the policy is "*amended to conform to such statutes.*" (Emphasis supplied.) The policy therefore, as thus amended, provides for six years in which to file suit.

There have been many decisions upon the various "Suit" clauses of insurance policies as against the general statute of limitation clause found in Code § 3-705. Many decisions hold that the parties may contract for a shorter period than that allowed by statute. See in this connection *Melson v. Phenix Ins. Co.,* 97 Ga. 722 (1) (25 SE 189); *Brown v. Savannah Mut. Ins. Co.,* 24 Ga. 97 (2); *Underwriters' Agency v. Sutherlin,* 55 Ga. 266 (1); *Sovereign Camp, WOW v. Gunter,* 59 Ga. App. 189 (1) (200 SE 181); *Springfield Fire &c. Ins. Co. v. Carter,* 110 Ga. App. 382 (1,3) (138 SE2d 590); *Niagara Fire Ins. Co. v. Powell,* 113 Ga. App 311, 312 (1) (147 SE2d 823); *Darnell v. Fireman's Fund Ins. Co.,* 115 Ga. App. 367 (154 SE2d 741); *Reece v. Massachusetts Fire &c. Ins. Co.,* 107 Ga. App. 581 (2) (130 SE2d 782); *Yates v. Cotton States Mut. Ins. Co.,* 114 Ga. App. 360, 361 (151 SE2d 523). Indeed it has been held that "if the source of the right claimed has evolved from the written contract of insurance, the limitations contained in it supersede any other general stautory limitations." *Modern Carpet Industries v. Factory Ins. Assn.,* 125 Ga. App. 150, 152 (186 SE2d 586). See also *Pa. Millers Mut. Ins. Co. v. Thomas Milling Co.,* 137 Ga. App. 430, 431 (1) (224 SE2d 55).

As the policy was written by the insurance company, exceptions, exclusions and ambiguities are always considered more strongly against the insurer. See *Sovereign Camp, WOW v. Heflin,* 188 Ga. 234, 235 (2) (3 SE2d 559); *Ga. Farm Bureau Mut. Ins. Co. v. Coleman,* 121 Ga. App. 510, 512 (174 SE2d 351); *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 675 (222 SE2d 828). Another rule is to ascertain the intention of the parties by looking at the contract as a whole so as to arrive at the conclusion of any part. See *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375); *Queen*

*Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837, 838 (1) (114 SE2d 21).

It is, therefore, my position that the insurer has, inadvertently no doubt, amended its policy, that is, its "Suit" clause requiring a suit to be filed within twelve months next after inception of the loss to change same so that if there be a conflict with the statutes as to when an action on a simple contract in writing shall be brought, it is amended to conform with Code § 3-705. Therefore, based upon the above and with particular reference to the most recent decision by the Supreme Court in *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 239 Ga. 843, supra, I cannot agree with the majority opinion and judgment.

It is well settled that an insurance policy is a simple contract between the insurer and the insured. It is equally well settled that contracts of insurance are to be construed against the maker and, particularly so, where the insurer is moving for summary judgment. See also in this connection *Decatur Federal Savings &c. Assn. v. York Ins. Co.,* 147 Ga. App. 797-800 (250 SE2d 524).

I, therefore, respectfully dissent as I would reverse the judgment.

I am authorized to state that Judge Shulman and Judge Carley join in this dissent.