A96A1345. EBERHARDT et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(477 SE2d 907)

MCMURRAY, Presiding Judge.

Plaintiffs Myron Eberhardt and Jane Eberhardt filed an action against defendant Georgia Farm Bureau Mutual Insurance Company to recover sums allegedly due as the proceeds of an insurance policy covering certain real property which was damaged by a tornado. Plaintiffs filed this direct appeal from a judgment in their favor in the amount of $5,000. *Held*:

1. These circumstances create a first impression that we lack jurisdiction to consider this appeal due to the failure to follow the procedure set forth by OCGA § 5-6-35 (b). We would generally expect the discretionary appeal procedure to be applicable since the amount of the judgment seems to place this case in the category identified by OCGA § 5-6-35 (a) (6), that is, an action for damages in which the judgment is $10,000 or less. Nonetheless, under the following analysis, we have concluded that OCGA § 5-6-35 is inapplicable and that the direct appeal is proper under the circumstances of the case sub judice.

Upon consideration of defendant's motion for summary judgment, the contested issues in the case were resolved in favor of defendant and against plaintiffs. The superior court then concluded that the uncontroverted amount of damages in the case was $40,888.96, an amount well in excess of the threshold set out in OCGA § 5-6-35 (a) (6). Nonetheless, defendant was credited with a set-off to the judgment based upon prior payments by defendant to plaintiffs, resulting in the final award of $5,000.

In the tort case of *Bales v. Shelton*, 260 Ga. 335 (391 SE2d 394),

the Supreme Court of Georgia held that for the purpose of determining whether a judgment falls within the range defined in OCGA § 5-6-35 (a) (6), we must look to the amount of damages involved in the case rather than to the remainder left after the amount of damages is reduced by a set-off such as a prior payment. While the present case involves a contract claim, we see no reason to avoid applying here the reasoning expressed in *Bales*.

2. The primary issue presented by plaintiffs on appeal is whether an appraisal clause in the insurance policy issued by defendant was enforceable. This clause of the policy provided a procedure for determining the amount of plaintiffs' loss. Defendant invoked the appraisal clause, and each side chose their appraiser. The two appraisers selected an umpire. Pending the outcome of the appraisal, defendant made an advance payment to plaintiffs of $35,888.96. Eventually, the two appraisers agreed on the amount of loss as being $40,888.96 or $5,000 more than had been advanced to plaintiffs. Plaintiffs refused the tendered check for the $5,000 balance and filed this action, contending that the appraisal clause of the policy is not binding by reason of OCGA § 9-9-1 et seq. Nonetheless, this "Georgia Arbitration Code" (OCGA § 9-9-1) does not apply to contracts of insurance (OCGA § 9-9-2 (c) (3)), while the pre-existing case law plainly holds that such appraisal clauses in homeowner policies are binding on the parties. *Southern Gen. Ins. Co. v. Kent*, 187 Ga. App. 496, 497 (1) (370 SE2d 663).

The superior court did not err in granting defendant's motion for summary judgment concerning the enforceability of the appraisal clause. The remaining issues raised by plaintiffs concerning bad faith penalties and attorney fees are thus rendered moot.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 6, 1996 — 

*Stewart, Melvin & Frost, J. Douglas Stewart*, for appellants.
*Carey, Jarrard & Walker, Christopher J. Walker III*, for appellee.