S05G2086. McGOWAN et al. v. PROGRESSIVE PREFERRED INSURANCE COMPANY et al.
(637 SE2d 27)

MELTON, Justice.

These consolidated appeals arise out of a common claim that Progressive Preferred Insurance Company, State Farm Mutual Insurance Company, and Atlanta Casualty Company conspired with

CCC Information Services, Inc. (CCC), a company that provides total-loss valuations to the insurance companies, to intentionally undervalue automobile property damage claims.[1] Mary Walker was involved in a car accident in which her vehicle was totaled, and she filed a lawsuit against State Farm and CCC, alleging, among other things, breach of contract, fraudulent concealment, fraud in the inducement, and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO) in connection with the alleged conspiracy between State Farm and CCC to deliberately undervalue her total-loss claim.

While Walker's case was pending, the trial court ordered the enforcement of an appraisal provision in her State Farm insurance contract. The court-ordered enforcement of the appraisal provision resulted in a total-loss valuation that was greater than the amount that had initially been determined by State Farm. State Farm paid the higher valuation determined from the appraisal process, and the trial court dismissed Walker's fraud, breach of contract, and RICO claims, finding that these issues were rendered moot in light of the appraisal process and the resulting higher payment for the value of Walker's vehicle. The Court of Appeals affirmed (see *McGowan v. Progressive Preferred Ins. Co.*, 274 Ga. App. 483 (618 SE2d 139) (2005)), and we granted certiorari to determine whether the Court of Appeals correctly held that invocation of the appraisal clause in this case mooted Walker's fraud, breach of contract, and RICO claims. For the reasons set forth below, we reverse.

In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor. *Alford v. Public Svc. Comm.*, 262 Ga. 386, n. 2 (418 SE2d 13) (1992). A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433 (2) (569 SE2d 855) (2002). Therefore, we must assume for purposes of this appeal that, as alleged in Walker's complaint, State Farm deliberately conspired with CCC to undervalue total-loss claims under its insurance policies so that it could avoid making proper actual cash value payments to its insureds. With this in mind, we turn to the appraisal clause at issue. The clause states:

---

[1] Appellants Harry McGowan and Dorothy Dasher have since withdrawn their appeals, leaving Mary Walker as the only appellant and State Farm and CCC as the only appellees.

If the [vehicle] owner and [State Farm] cannot agree on the actual cash value [of the vehicle at the time of the loss], either party may demand an appraisal as described below. . . . Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the party who hired him or her. The cost of the third appraiser and other appraisal expenses shall be shared equally by both parties.

By its own language, the appraisal clause provides a method by which the insurer and the insured can make a final determination regarding the actual cash value of a totaled car when there is a dispute as to the car's value. The clause does not purport to provide a means of addressing broader issues such as an insurer's potential liability to an insured for claims made in a lawsuit. "[T]he appraisal process does not determine questions of liability." *McGowan*, supra, 274 Ga. App. at 487 (1). In its opinion, the Court of Appeals relied on *Southern General Ins. Co. v. Kent*, 187 Ga. App. 496 (370 SE2d 663) (1988) and *Eberhardt v. Ga. Farm Bureau Mut. Ins. Co.*, 223 Ga. App. 478 (477 SE2d 907) (1996), to reach the conclusion that State Farm was shielded from potential legal liability for fraud and other claims because such claims were rendered moot by invocation of the appraisal clause in the insurance contract. See *McGowan*, supra, 274 Ga. App. at 489 (2). *Kent* and *Eberhardt*, however, do not support this result.

In *Kent*, the plaintiffs sued their insurance company for its alleged bad faith refusal to pay them $13,900 that they believed that they were owed, despite the fact that an agreed-to appraisal process revealed the actual amount of the plaintiffs' loss to be $3,099.72. 187 Ga. App. at 496. The jury awarded the plaintiffs, among other things, damages that were greater than the amount set by the appraisal process. Id. The Court of Appeals reversed the jury award, reasoning that, absent fraud in the appraisal process, the parties were bound by the results of the appraisal process with respect to the amount of the loss, and that application of the appraisal clause rendered any argument concerning value moot. Id. at 498 (1).

As the *Kent* court correctly recognized, a claim for fraud during the appraisal process would not be rendered moot by application of an appraisal clause. Indeed, an appraisal clause could not render such a claim moot, since damages flowing from the fraud would not be limited to the amount of loss for the property. The damages naturally flowing from the fraud itself would be recoverable. See OCGA § 51-6-1. While the issue of the amount of loss can be settled by the

appraisal process, issues that go beyond mere diminished value or actual cash value of the lost property cannot be resolved or rendered moot by the appraisal process.

Here, Walker's fraud, breach of contract, and RICO claims involve more than just the actual cash value of her car. Based on the allegations in Walker's complaint, this case does not involve a good faith dispute over what State Farm needed to pay Walker for her totaled vehicle, but an alleged pre-existing scheme between State Farm and CCC to ensure that no one would be properly paid under State Farm's insurance contracts. The damages naturally flowing from this alleged fraudulent scheme and attendant breach of contract included the value of Walker's car, the expense that Walker incurred by not having use of a car, and the expense that Walker incurred by being forced to hire an appraiser to show that her car was being undervalued.[2] Because the issues raised here reach beyond the mere actual cash value of Walker's vehicle, the appraisal clause, which simply addresses the issue of value, cannot render these issues moot.

*Eberhardt* also does not support the Court of Appeals' conclusion that the aforementioned issues are moot, because that case merely stands for the proposition that appraisal clauses in insurance contracts are enforceable. 223 Ga. App. at 479 (2). Nothing in the policy language here or prior case law would authorize a holding that claims that fall outside the scope of actual cash value of property would be rendered moot by application of an appraisal clause.

Moreover, the Court of Appeals' conclusion that Walker's fraud, breach of contract, and RICO claims are rendered moot by application of the appraisal clause is contrary to law. As mentioned above, an appraisal clause can only resolve a disputed issue of value. It cannot be invoked to resolve broader issues of liability. See *Yates v. Cotton States Mut. Ins. Co.*, 114 Ga. App. 360, 361 (151 SE2d 523) (1966). To invoke an appraisal clause to eliminate the larger issues of liability discussed above would be impermissible, as it would expand the scope of the appraisal clause beyond the issue of value. It would be tantamount to converting the appraisal clause into an arbitration clause, which is the type of clause that would be invoked to address such broader issues. *Continental Ins. Co. v. Equity Residential Properties Trust*, 255 Ga. App. 445, 446 (565 SE2d 603) (2002). Arbitration clauses, however, are impermissible in contracts between insurers

---

[2] We reject State Farm's claim that Walker could not have suffered an injury in fact by being forced to pay for an appraiser because the insurance contract provided that she would have to pay for one. Since we are required to accept the allegations of Walker's complaint as true, we must assume for purposes of this appeal that State Farm's alleged pre-existing fraudulent scheme forced Walker to rely on an appraisal process that would not have been necessary absent the existence of the fraudulent scheme.

and insureds. See OCGA § 9-9-2 (c) (3); *Continental,* supra, 255 Ga. App. at 446. Because the holding of the Court of Appeals expands the scope of appraisal clauses beyond that which is permitted by law, it cannot stand.

For all of the foregoing reasons, we reverse the decision of the Court of Appeals that Walker's fraud, breach of contract, and RICO claims were rendered moot by the appraisal clause in her insurance contract with State Farm.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Butler, Wooten, Fryhofer, Daugherty & Crawford, James E. Butler, Jr., Joel O. Wooten, Jr., Jason L. Crawford, Dustin T. Brown, James C. Fuller, Gary O. Bruce,* for appellants.

*Sutherland, Asbill & Brennan, John A. Chandler, Thomas M. Byrne, Teresa W. Roseborough, Kristin B. Wilhelm, William D. Barwick, Thomas W. Curvin, Jeremy U. Littlefield, McKenna, Long & Aldridge, John L. Watkins, John S. Berry, Troutman Sanders, Alan W. Loeffler, Herbert D. Shellhouse, Wesley B. Tailor, Rogers & Hardin, Tony G. Powers, Kimberly L. Myers,* for appellees.