A09A0354. AARON v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(677 SE2d 419)

MIKELL, Judge.

Alvin Aaron sued his insurance company, Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm"), for breach of contract and specific performance, arising out of Georgia Farm's refusal to pay Aaron's claim under his homeowner's insurance policy and its refusal to participate in the appraisal procedure provided by that policy. The trial court granted Georgia Farm's motion for summary judgment, and Aaron appeals. We affirm.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as

---

a matter of law.[1] We apply a de novo standard of review to an appeal from the grant or denial of summary judgment, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party.[2] So viewed, the record shows that on or about September 29, 2001, Aaron's home was struck by a moving vehicle. Georgia Farm assigned Aaron's claim to adjuster Warren Carswell. In June 2002, an agreement was reached with a contractor concerning the scope of the damage and repair cost for the home. On July 3, 2002, Aaron's attorney sent a letter to Georgia Farm asking that it provide Aaron with a breakdown of the expected repairs and costs and also taking issue with the fact that the repair estimate did not include replacement of the septic tank and drainage lines, which Aaron alleges were damaged as a result of the accident. On July 5, 2002, Carswell forwarded to Aaron the repair estimate, and noted in his letter that the actual cash value loss totaled $20,336.01, after depreciation. In a letter dated July 23, 2002, Carswell advised Aaron's counsel of the details of the repair estimate and indicated that the appraisal did not include the septic tank and drain lines because they were damaged during the cleanup process and, therefore, were not covered under Aaron's policy.[3]

Additional letters were exchanged between Aaron's attorney and Carswell on August 2, 2002, and August 6, 2002, regarding the disagreement over coverage for damage to the septic tank and drain lines. In the letter of August 6, 2002, Carswell explained that the policy did not cover damage to the septic tank system because there was no direct contact between the vehicle and the system. On September 26, 2002, Carswell wrote a follow-up letter to Aaron's attorney, indicating that he would like to settle the claim. On October 8, 2002, Aaron's attorney responded to Carswell's letter, contending that damage to the septic tank system should be covered by the policy, that it is Carswell's duty to investigate the claim, and that "unless Georgia Farm . . . changes its position within . . . 10 days from the date of this letter and agrees to pay for the damage to the septic tank, I can assure you they will be afforded the opportunity to test their position in court."

The next correspondence between the parties occurred on February 28, 2003, when Aaron's attorney advised Carswell that Aaron would accept the sum of $20,336.01, "previously offered in payment of the above claim." On March 20, 2003, Carswell advised Aaron that he and his attorney had rejected the offer; that no action can be

---

[1] *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).

[2] *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

[3] Although not entirely clear from the record, it appears that a diesel fuel tanker struck Aaron's home, resulting in a fuel spill which required cleanup by an EPA-approved company.

brought unless the policy provisions have been complied with and the action is started within one year after the date of loss; that the provisions had not been complied with; and that Aaron's claim was denied. In a letter dated April 23, 2003, Aaron's attorney acknowledged the one-year limitation on filing suit, but indicated that Aaron was invoking the appraisal provision of the policy, which provided no such limitation. In a letter dated July 22, 2003, counsel for Georgia Farm reiterated the information relayed by Carswell in his letter of March 20, 2003, that Aaron did not comply with the policy provisions within one year of the loss and that the appraisal issue was moot. On July 30, 2004, Aaron filed suit against Georgia Farm in Bibb County. He dismissed that action on October 6, 2005, and filed a renewal action in Toombs County on October 21, 2005. Georgia Farm moved for summary judgment, which the trial court granted, finding that Aaron's claims were barred by the policy's one-year contractual time limitation.

In his sole enumeration of error, Aaron contends that the trial court erred in granting summary judgment because the one-year limitation provision does not bar him from seeking payment of the amount calculated and offered by Georgia Farm; it simply bars him from suing Georgia Farm.

(a) *Breach of Contract.* The policy provides: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." It further provides:

> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and; a. Reach an agreement with you; b. There is an entry of a final judgment; or c. There is a filing of an appraisal award with us.

We are not persuaded by Aaron's attempt to couch his claim as something other than an action under the insurance policy, which is subject to the one-year claims limitation.[4]

Even if we were to find any merit in Aaron's argument, there is no evidence that there was a meeting of the minds as to the settlement of Aaron's claim. "It is well settled that an agreement between two parties will occur only when the minds of the parties

---

[4] See, e.g., *Shelter America Corp. v. Ga. Farm &c. Ins. Co.*, 209 Ga. App. 258, 260 (3) (433 SE2d 140) (1993); *Giles v. Nationwide Mut. Fire Ins. Co.*, 199 Ga. App. 483, 484-485 (1) (405 SE2d 112) (1991); *Yates v. Cotton States Mut. Ins. Co.*, 114 Ga. App. 360, 361 (151 SE2d 523) (1966). Accord *Aiken v. Northwestern Mut. Ins. Co.*, 106 Ga. App. 220 (126 SE2d 630) (1962).

meet at the same time, upon the same subject-matter, and in the same sense."[5] It is clear from the parties' correspondence that there was significant disagreement about whether the septic tank system was covered under the policy. Moreover, even though Carswell's letter of March 20, 2003, indicates that an "offer" had been made and rejected, we are hard pressed to find the existence of an offer under the evidence in this case. Carswell adjusted the claim as he was assigned to do and then provided to Aaron the repair estimate and actual cash value loss as requested by Aaron's attorney. While Carswell indicated his desire to settle the claim, nothing in the record can be construed as a formal offer to settle the claim or a settlement agreement. Aaron's letter of February 28, 2003, purporting to accept an "offer in payment" does not create an enforceable settlement agreement, as there was no direct offer to accept. Even if we were to find evidence of a settlement offer, the record is clear that Aaron unequivocally rejected that amount because it did not include repair of the septic tank system.

Although Aaron may have been lulled into believing that Georgia Farm wanted to settle his claim, "mere negotiation for possible settlement unsuccessfully accomplished is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of that defense by the insured."[6] The possibility of a settlement does not discharge Aaron of his duty to file suit within the one-year time limitation.[7] To hold otherwise would lead to the absurd result that a party may effectively extend the statute of limitation on any claim merely by making an offer to settle. The trial court did not err in granting summary judgment to Georgia Farm on Aaron's breach of contract claim.

(b) *Specific Performance of Appraisal Provision.* In his complaint, Aaron contends that by letter dated April 23, 2003, he notified Georgia Farm of his demand for an appraisal under the policy; that Georgia Farm failed and refused to follow the appraisal procedure; and that he is entitled to specific performance of the appraisal procedure. The policy provides as follows:

> Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days

---

[5] (Citations omitted.) *Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982).

[6] (Citation and punctuation omitted.) *Shelter America Corp.*, supra at 259 (1).

[7] Compare *Giles*, supra at 485 (3) ("[i]t is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid

after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Aaron's contention that there is no time limit in invoking the appraisal clause has been decided adversely to him by this Court in *Shelter America Corp.*[8] In that case, the insured argued that it was entitled to recover for its loss under the applicable appraisal clause of its insurance policy and that the appraisal clause did not contain a one-year time limitation. We rejected that argument, finding that the insured failed to request an appraisal "in the one-year period before the suit limitation ran. Further, the object of an appraisal would be to determine the amount of loss, and, contrary to [the insured's] argument, any suit to collect any appraised amount would be barred by the same contractual limitation provision."[9] Similarly, in this case, Aaron did not request an appraisal until April 2003, well past the one-year time limitation. The law is clear that

> appraisement [does] not constitute either a common law or a statutory arbitration, [cannot] determine the insurer's liability, and [cannot] alone be the basis of a cause of action or judgment. . . . [A]ppraisement [is] nothing more than a contractual method of ascertaining the amount of loss, suit for which [can] be founded only upon the policy.[10]

In *McGowan v. Progressive Preferred Ins. Co.*,[11] our Supreme Court reiterated that appraisement does not determine questions of liability.[12] As any claim of liability lapsed upon the expiration of the one-year contractual time period, Aaron's claim for specific performance of the appraisal process likewise fails.

---

without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time") (citation and punctuation omitted).

[8] Supra.

[9] (Citation omitted.) *Shelter America Corp.*, supra at 260 (3).

[10] *Yates*, supra at 360-361.

[11] 281 Ga. 169 (637 SE2d 27) (2006).

[12] Id. at 171.

(c) *Attorney Fees*. The complaint does not specify under which statute Aaron seeks attorney fees. Regardless, since Aaron cannot succeed on his breach of contract and specific performance claims, he likewise cannot succeed on a claim for attorney fees.[13]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 8, 2009 

*Smith & Jenkins, Wilson R. Smith*, for appellant.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellee.

---

[13] See, e.g., *Adams v. UNUM Life Ins. Co. of America*, 508 FSupp.2d 1302, 1319 (III) (C) (N.D. Ga. 2007) (since plaintiff could not maintain her claims against defendant, plaintiff could not obtain attorney fees and expenses pursuant to OCGA § 33-4-6). See generally *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (2) (448 SE2d 275) (1994).