**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 26, 2013**

# In the Court of Appeals of Georgia

A12A2484. DAVIS v. VCP SOUTH, LLC et al.

McFADDEN, Judge.

This appeal is from the grant of partial summary judgment on contract claims. Because there exist no genuine issues of material fact, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and punctuation omitted) *Layer v. Clipper Petroleum*, ___ Ga. App. ___ (735 SE2d 65) (2012).

So viewed, the evidence shows that doctors Keith Davis and Steven Roth formed VCP South, LLC for vein care treatment, and also formed other related

limited liability companies. The VCP South operating agreement included a provision that gave each member, following the death of the other member, the option to purchase the deceased member's interests. The agreement further provided that the purchase price shall be determined by the company's certified public accountant. It is undisputed that Steven Staley is the longtime company accountant described in the agreement. Dr. Davis died in January 2010, and several months later his wife, Lori Davis, was appointed administrator of his estate. Dr. Roth, VCP South and another of the doctors' limited liability companies filed a six-count complaint against the estate, seeking, among other things, to enforce the VCP South operating agreement provision authorizing the company's certified public accountant, Staley, to determine the purchase price. The trial court issued partial summary judgment rulings in favor of the plaintiffs, and Lori Davis, as personal representative of the estate, appeals.

1. *Accountant's authority to determine purchase price.*

Davis challenges the trial court's summary judgment finding that the company's accountant was authorized to determine the purchase price. The challenge is without merit.

The operating agreement of VCP South expressly provided that "the purchase price for the membership units shall be their fair market value as determined in a

commercially reasonable manner by or under the certified public accountant regularly representing the Company, whose decision in this matter shall be conclusive." The construction of a contract is a question of law for the court, and it is the cardinal rule of contract construction that the court should ascertain the intent of the parties. OCGA §§ 13-2-1, 13-2-3. Here, the intent of the parties to the operating agreement is clear and unambiguous in authorizing the company's certified public accountant to determine the purchase price. "Thus, . . . we find no error in the trial court's construction of this portion of the agreement. [Cit.]" *Ledford v. Smith*, 274 Ga. App. 714, 721 (1) (a) (618 SE2d 627) (2005).

Moreover, Davis' challenges to the propriety of the doctors' operating agreement fail to recognize that the contractual flexibility afforded members of a limited liability company "is consistent with OCGA § 14–11–1107 (b) of the LLC Act which provides that: 'It is the policy of this state with respect to limited liability companies to give maximum effect to the principle of freedom of contract and to the enforceability of operating agreements.'" *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 825 (3) (615 SE2d 1) (2005), reversed on other grounds, 280 Ga. 635 (631 SE2d 693) (2006).

2. *Waiver.*

Davis contends that the trial court erred in granting partial summary judgment because the plaintiffs waived enforcement of the contract provision authorizing the company accountant to determine valuation and purchase price by first obtaining a valuation of Dr. Davis' interest from another accounting firm. However, the record shows that valuation was performed solely for the purpose of assisting Dr. Roth in negotiating with Davis' estate. After those negotiations apparently ended unsuccessfully, the plaintiffs filed their complaint expressly seeking to enforce the operating agreement provision authorizing the company's certified public accountant to conclusively determine the fair market value. Davis has shown no waiver of that provision.

Further, in support of this enumerated error, Davis relies on cases involving arbitration clauses. However, the instant case involves a contract provision concerning the method of appraising value. "The law is clear that appraisement does not constitute either a common law or a statutory arbitration. . . . Appraisement is nothing more than a contractual method of ascertaining the amount of loss." (Citations and punctuation omitted.) *Aaron v. Georgia Farm Bureau Mut. Ins. Co.*, 297 Ga. App. 403, 407 (b) (677 SE2d 419) (2009). Moreover,

an appraisal clause can only resolve a disputed issue of value. It cannot be invoked to resolve broader issues of liability. To invoke an appraisal clause to eliminate the larger issues of liability . . . would be impermissible, as it would expand the scope of the appraisal clause beyond the issue of value. It would be tantamount to converting the appraisal clause into an arbitration clause, which is the type of clause that would be invoked to address such broader issues.

(Citations omitted.) *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 172 (637 SE2d 27) (2006). Here, the provision in question was an appraisal clause set forth only to resolve an issue of value, not broader issues, so contrary to Davis' claims, it cannot be converted into an arbitration clause.

3. *Fraud and commercial reasonableness.*

In two enumerations of error, Davis argues that the trial court erred in granting partial summary judgment because there exist genuine issues of material fact as to fraud and whether Staley determined fair market value in a commercially reasonable manner. However, she has not indicated what particular facts show fraud or a lack of commercial reasonableness. Rather, she attempts to incorporate by reference "[t]he deficiencies in Staley's appraisal that are delineated in the [defense] affidavits," and claims that the estate submitted "evidence challenging the adequacy, fairness and commercial reasonableness of Staley's appraisal and his methodology." She refers to over 240 pages of the record, without specifying what evidence in those pages

5

supports her claims. Generally, "we decline to look in the record for matters which should have been set forth in the brief." *Ellison v. Burger King Corp.,* 294 Ga. App. 814, 815 (1) (670 SE2d 469) (2008). Indeed, "this court has no duty to cull the record in search of evidence to support the contentions of parties." *Cox v. Southern Guaranty Ins. Co.,* 254 Ga. App. 776, 778 (2) (563 SE2d 882) (2002). The failure to point to specific evidence in the record "hinder[s] this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown." (Punctuation and citation omitted.) *Williams v. State,* 318 Ga. App. 744, 745 (734 SE2d 745) (2012). Nevertheless, we have reviewed the pages of the record cited by the appellant and find no evidence of fraud or that the appraisal was not commercially reasonable. The pages contain pleadings and other court documents, as well as affidavits. While the affidavits critique Staley's appraisal methodology, we agree with the trial court's finding that they do not rise to the level of showing fraud or that the appraisal was not done in a commercially reasonable manner.

> Where the parties to a contract agree that the decision of a third person on a matter connected with the execution of a contract shall be final and conclusive, his decision is binding on the parties, as to those matters he is authorized to determine, except in the case of fraud, gross

6

mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment. [Cit.]

*Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365) (1969). Here, given the absence of evidence showing fraud or bad faith, the trial court correctly ruled that the determination by accountant Staley, which the contracting parties expressly agreed would be conclusive, is binding.

*Judgment affirmed. Barnes, P. J. concurs. McMillian, J., concurs in the judgment only.*

7