**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A1733. LAM v. ALLSTATE INDEMNITY COMPANY.            DO-089

DOYLE, Presiding Judge.

Bing Chi Lam filed suit against Allstate Indemnity Company to enforce an appraisal provision in his Allstate homeowner's insurance policy following damage to his roof. Allstate filed a motion to dismiss for failure to state a claim, and the trial court granted the motion following a hearing. Alternatively, the trial court also dismissed Lam's complaint pursuant to Uniform Superior Court Rule 14 based on his failure to attend the motion hearing and/or to prosecute his case. Lam appeals, and for the reasons that follow, we affirm.

Lam's homeowners' policy issued by Allstate covered his dwelling against "sudden and accidental direct physical loss," including but not limited to, loss to a roof caused by hail and windstorms. The policy contained a provision providing for

an appraisal procedure to determine the amount of loss if the parties were unable to agree upon such following a covered loss.

According to Lam, his roof was damaged by high winds and hail, and he timely reported the damage to Allstate. After a claims representative inspected Lam's roof, Allstate determined that it sustained wind damage to four shingles and that there was ceiling damage in Lam's bedroom and kitchen, and Allstate provided Lam with an estimate to repair the shingles and ceiling in the amount of $783.06. Lam did not agree on the amount of the loss, and he wrote to Allstate requesting that the amount of loss be determined pursuant to the appraisal provision contained in his policy. Allstate responded to Lam in writing, conceding that it had determined that four shingles were damaged by wind, and there was damage to his interior ceiling, all covered by the policy. According to Allstate, the estimates provided by Lam did not differ from Allstate's appraisal with respect to the cost of replacing the shingles, but instead improperly sought complete replacement of all of the shingles on his roof. Stating that "[c]overage was not granted to replace all the shingles as there was not damage to warrant such," Allstate concluded that the appraisal provision was "not applicable" because "the difference in estimates . . . [relates to] coverage rather than

2

pricing." Allstate did not deny coverage or provide any additional explanation of benefits.

Lam filed suit against Allstate seeking only to enforce the appraisal provision in his policy.[1] Allstate filed a motion to dismiss for failure to state a claim, arguing that the appraisal provision was not available to Lam because it could not be used to settle disputes over coverage. Following a hearing, the trial court granted the motion and, alternatively, dismissed Lam's complaint for failure to prosecute based on his failure to attend the hearing. This appeal followed.

1. Lam argues that the trial court erred by granting Allstate's motion to dismiss for failure to state a claim upon which relief can be granted. We disagree.

"We review de novo the trial court's grant of a motion to dismiss."[2]

A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly

---

[1] In Count 1 of the complaint, Lam asserted a demand for appraisal, and in Count 2, he sought a declaratory judgment regarding the rights of Lam and Allstate under the policy as it related to appraisal of the claim.

[2] (Punctuation omitted.) *South Point Retail Partners, LLC v. North American Properties Atlanta, Ltd.*, 304 Ga. App. 419, 420 (696 SE2d 136) (2010).

introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[3]

Here, the appraisal provision contained in Lam's homeowners' policy provides that if Lam and Allstate

fail to agree on the amount of the loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser. . . .The appraisers will select a competent and impartial umpire. . . . The appraisers then determine the amount of loss . . . If they cannot agree, they shall submit their differences to the umpire. A written award agreed upon by the appraisers or an appraiser and the umpire will determine the amount of loss.[4]

Allstate argues that the appraisal provision is not applicable in this case because the parties' dispute is, in essence, a dispute over coverage. The Supreme Court of Georgia has held that

---

[3] (Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525, 525-526 (1) (668 SE2d 723) (2008).

[4] The policy did not define the phrase "amount of loss."

4

an appraisal clause can only resolve a disputed issue of value. It cannot be invoked to resolve broader issues of liability. To invoke an appraisal clause to eliminate . . . issues of liability . . . would be impermissible, as it would expand the scope of the appraisal clause beyond the issue of value. It would be tantamount to converting the appraisal clause into an arbitration clause, which is the type of clause that would be invoked to address such broader issues. Arbitration clauses, however, are impermissible in contracts between insurers and insureds.[5]

Here, although Allstate had conceded that there was wind damage to Lam's roof and agreed to pay for it, the parties could not agree upon the extent of the damage – how much of the roof was damaged by the wind. Their disagreement, therefore, was over coverage, which is not a proper basis for an appraisal. Accordingly, the trial court did not err by granting Allstate's motion to dismiss for failure to state a claim.

2. In light of our holding in Division 1, we need not address Lam's enumeration that the trial court abused its discretion by dismissing his complaint for want of prosecution based on his failure to attend the hearing.

---

[5] (Citations omitted.) *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 172-173 (637 SE2d 27) (2006), citing OCGA § 9-9-2 (c) (3) (barring arbitration provisions in "[a]ny contract of insurance. . . .").

*Judgment affirmed. Phipps, C. J., Boggs and Branch, JJ., concur; Barnes, P. J., Ellington, P. J., and McFadden, J., dissent.*

A13A1733. LAM v. ALLSTATE INDEMNITY COMPANY.

MCFADDEN, Judge, dissenting.

The trial court's order dismissed Lam's complaint on two alternative grounds – because he failed to appear at the hearing on the motion to dismiss to prosecute his complaint, and because his complaint failed to state a claim. I would affirm the dismissal for failure to prosecute, which is without prejudice. But I would reverse the dismissal for failure to state a claim, which implicated res judicata. Accordingly, I would affirm in part and reverse in part the trial court's order, and I respectfully dissent to the majority opinion, which affirms that order on the ground that Lam failed to state a claim and does not reach the issue of Lam's failure to prosecute.

1. *Dismissal for failure to prosecute.*

The trial court dismissed Lam's complaint for his "failure to attend court and defend and/or prosecute [his] case." Although Lam argues that the trial court lacked jurisdiction to dismiss his case on this ground because he previously had dismissed the case for failure to state a claim, the order states that these were alternative grounds for dismissal. And Uniform Superior Court Rule 14 authorized the trial court to dismiss for failure to prosecute. That rule provides that "[o]n its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action or where appropriate, any pleading filed on behalf of any party upon the failure to properly respond to the call of the action for trial or other proceeding." Unif. Sup. Ct. R. 14. See also OCGA § 9-11-41 (b) (dismissal for failure to prosecute does not operate as adjudication on merits). This court reviews an order to dismiss on this ground for abuse of discretion. *McKnight v. Wyrick*, 247 Ga. App. 584, 585-586 (544 SE2d 507) (2001).

The record shows that the trial court issued a rule nisi scheduling the hearing on Allstate's motion to dismiss for failure to state a claim. Neither Lam nor his counsel appeared. The court contacted Lam's counsel, who indicated that he was in Florida and had filed a conflict letter. That letter stated that counsel "was scheduled

2

to attend several depositions in Birmingham, Michigan" on the same day of the hearing in the instant case, specifically identifying the case name and number of the case involving the depositions. The letter also requested "that the court continue this matter to the next available date." Counsel, however, did not follow up with the trial court to determine whether his request for a continuance had been granted.

After reviewing the letter, the trial court correctly concluded that the letter did not comply with Uniform Superior Court Rule 17.1. Rule 17.1 requires an attorney who is lead counsel in two or more actions scheduled for the same time to make an attempt to resolve the conflict and propose a resolution in compliance with the Rule's order of priorities. See *Amtrust North America v. Palmer Trucking & Leasing*, 316 Ga. App. 585, 586 (1) (730 SE2d 65) (2012). Lam's counsel did not indicate that he had attempted to resolve the conflict, nor did he propose a resolution of the conflict in the order specified in the Rule. And to the extent that his counsel intended the letter to serve as a motion for continuance, he made no attempt to obtain a ruling thereon. Rule 17.1 provides that an attorney "shall not be deemed to have a conflict" under these circumstances. Unif. Sup. Ct. R. 17.1 (A).

In reviewing an order dismissing a case for want of prosecution, this court "will not substitute [its] judgment for the trial court's judgment where there is no obvious

3

abuse of discretion. In this case, [I] find no clear abuse of discretion so as to authorize reversal." *McKnight*, 247 Ga. App. at 586 (citations omitted).

2. *Dismissal for failure to state a claim.*

Affirming the trial court's dismissal of Lam's complaint for want of prosecution, however, would not end this case. The trial court also dismissed the complaint on the alternative ground that Lam failed to state a claim. While the dismissal for want of prosecution is without prejudice, see Unif. Sup. Ct. R. 14, the dismissal for failure to state a claim is an adjudication on the merits implicating the doctrine of res judicata. See *Brown v. J. H. Harvey Co.*, 268 Ga. App. 322, 324 (3) (601 SE2d 808) (2004). Accordingly, the trial court's order contained two separate rulings with different legal consequences for Lam. For the following reasons, I find that the trial court erred in dismissing the complaint on its merits.

As the majority notes, "[a]rbitration clauses . . . are impermissible in contracts between insurers and insureds." *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 172-173 (637 SE2d 27) (2006) (citations omitted). OCGA § 9-9-2 (c) (3) excepts such contracts from the Georgia Arbitration Code. That Code section "establishes the public policy of Georgia that insureds not be compelled by the terms of an insurance contract written by the insurer to give up their common law right to access the courts

4

to resolve disputes under the contract." *Continental Ins. Co. v. Equity Residential Properties Trust*, 255 Ga. App. 445, 446 (565 SE2d 603) (2002) (citations omitted).

In *McGowan v. Progressive Preferred Ins. Co.*, supra, 281 Ga. 169, our Supreme Court has explained that this prohibition against arbitration does not extend to a provision within an insurance contract establishing a process for settling disputes over the appraised value of an insured's covered loss, because such a determination does not address broader issues of the insurer's liability. *McGowan*, 281 Ga. at 171-172. This distinction makes sense in light of Georgia's public policy. While the terms of an insurance contract determine whether a particular loss is covered, they generally do not establish the amount of the loss. As explained by the Supreme Court of Texas in a dispute over the extent of hail damage to the roof of a house, the "amount of loss" as contemplated in a similarly-worded appraisal provision cannot involve a construction of the insurance policy or a determination of whether the insurer should pay. *State Farm Lloyds v. Johnson*, 290 SW3d 886, 890 (III) (Tex. 2009).

The parties' dispute in this case does not require either a construction of the insurance policy or a determination of whether the insurer should pay. The policy's coverage provisions are clear, as is Allstate's liability under them. Allstate has agreed to "cover sudden and accidental direct physical loss to property described in

Coverage A – Dwelling Protection . . . except as limited or excluded in this policy." The policy describes the covered property as "[y]our dwelling." And, pertinent to this case, the policy excepts from coverage loss "consisting of or caused by . . . [w]ear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect." There is no dispute that Lam's dwelling incurred some loss that is covered by the policy and that Allstate is therefore liable to Lam to some degree. The dispute is the amount of that covered loss or damage – whether the covered loss or damage extends to the entire roof or only specific shingles. This dispute is subject to resolution under the policy's appraisal provision, see *State Farm Lloyds*, 290 SW3d at 891 (IV) (A) ("To the extent the parties disagree which shingles needed replacing, that dispute would fall within the scope of the appraisal."), and the trial court erred in dismissing, for failure to state a claim, Lam's action seeking to enforce that provision.

I am authorized to state that Presiding Judge Barnes and Presiding Judge Ellington join in this dissent.

6