**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

June 25, 2021

# In the Court of Appeals of Georgia

A21A0320. WOODRUM, et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

RICKMAN, Presiding Judge.

In the second appearance of this case before our Court, William E. Woodrum, Jr. and Kathy S. Woodrum appeal the trial court's grant of summary judgment to Georgia Farm Bureau Mutual Insurance Company on their breach of contract claim in which they seek compensation for diminution in value. The Woodrums contend, inter alia, that the trial court erred in granting summary judgment because genuine issues of material fact remain as to whether diminution in value was assessed as part of the appraisal process and included in the appraisal award. For reasons that follow, we reverse.

"On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation and punctuation omitted.) *Cline v. Allstate Property & Cas. Ins.*, 354 Ga. App. 415, 415 (841 SE2d 63) (2020). In our prior appeal, we set out the facts in that light as well as the prior procedural history:

> [D]uring a thunderstorm on July 5, 2012, a large tree fell onto the roof of William and Kathy Woodrum's house, causing significant damage to the house. The next day, the Woodrums reported the damage to their insurer, Georgia Farm Bureau Mutual Insurance Company. On November 7, 2012, after the Woodrums and Georgia Farm Bureau were unable to agree upon the amount of the loss, the Woodrums invoked the appraisal clause of the insurance policy. That clause provided:
>
> If you[, the Woodrums,] and we[, Georgia Farm Bureau,] fail to agree on the amount of loss, either may demand in writing an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of the loss. If the

2

appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

(Punctuation omitted.) On February 5, 2013, pursuant to the appraisal process, an award was issued and agreed to by the Woodrums' appraiser and the appointed umpire. Georgia Farm Bureau made payment of the award to the Woodrums.

The Woodrums subsequently brought suit against Georgia Farm Bureau, seeking compensation for diminution in value. The complaint included counts for breach of contract and breach of an implied duty of good faith and fair dealing. The breach of contract claim was based on allegations that the fallen tree had caused a crack in the slab foundation of the house, that the value of the house was diminished by the cracked foundation, that such diminished value was a covered loss under the policy that was not included in the appraisal award, and that Georgia Farm Bureau had failed to pay for that diminished value. In support of the claim, the Woodrums filed the affidavit of George Hall, the contractor who had repaired the Woodrums' house and who opined that the value of the house was diminished by the foundation being cracked. During a subsequent deposition, Hall gave his opinion that the house had lost 25 percent of its value due to the cracked foundation.

Georgia Farm Bureau filed a motion to exclude Hall as an expert witness and a motion for summary judgment. On March 24, 2017, the trial court

entered an order granting the motion to exclude Hall's testimony as an expert regarding the diminution in value of the Woodrums' property. In that same order, the trial court also excluded Hall's testimony as a lay witness giving an opinion as to value. On that same date, the trial court issued a separate order granting the insurance company's motion for summary judgment on both of the Woodrums' claims. As to the breach of contract claim, the court found that without Hall's excluded testimony, there was no other evidence that the diminution in value of the property was not included in the amount of loss determined under the appraisal clause. As to the claim for breach of implied duty of good faith and fair dealing, the court found that it could not be maintained because there is no such independent cause of action apart from the breach of contract claim, which had already been disposed of on summary judgment.

*Woodrum v. Georgia Farm Bureau Mut. Ins. Co.*, 347 Ga. App. 89, 89-90 (815 SE2d 650) (2018) ("*Woodrum I*").

In *Woodrum I*, we held that the trial court abused its discretion in finding that Hall could not offer his opinion of value as a lay witness and reversed the trial court's order excluding that testimony. Id. at 93-94 (1) (b). Based on that holding, we also reversed the grant of summary judgment on the breach of contract claim because we concluded that "there is, contrary to the trial court's finding, some evidence creating

4

a genuine issue of material fact as to the diminished value of the house." Id. at 94 (2) (a).

When the case returned to the trial court, Georgia Farm Bureau filed a renewed motion for summary judgment based on the existing record. In that motion, Georgia Farm Bureau asserted that the appraisal award constituted full and final payment of the loss, including any diminution in value. The trial court granted the motion on that ground, and the Woodrums appeal.

1. Initially, the Woodrums contend that the trial court violated *Woodrum I*, which they argue implicitly directed the trial court that summary judgment was not appropriate in this case.

Under the law of the case doctrine, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). "But the doctrine applies only to actual decisions, not to issues raised but never ruled upon." (Citation and punctuation omitted.) *Sovereign Healthcare v. Mariner Health Care Mgmt.*, 329 Ga. App. 782, 785 (1) (a) (766 SE2d 172) (2014); see also *Hicks v. McGee*, 289 Ga. 573, 579 (2) (713 SE2d 841) (2011) (law of the case rule does not encompass an "implied" ruling); *Currid v. DeKalb State*

*Court Probation Dept.*, 285 Ga. 184, 186, n.5 (674 SE2d 894) (2009) (rule does not apply without an express ruling on the issue). In *Woodrum I*, we concluded that summary judgment was not appropriate on the breach of contract claim because there was some evidence of diminution in value, but we did not determine whether diminution in value was assessed as part of the appraisal process. Thus, we did not rule on the issue presented here, and the law of the case rule did not preclude the trial court from addressing it. See *Sovereign Healthcare*, 329 Ga. App. at 785 (1) (a).

2. The Woodrums next contend that genuine issues of material fact remain as to whether diminution in value was assessed as part of the appraisal process engaged in by the parties.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c).

> Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact so that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).

It is undisputed that an appraisal award was issued for the amount of loss described as "Coverage A-Dwelling," and that the appraiser for the Woodrums and the appointed umpire agreed to the award. The appraisal award included a figure for "Amount of loss/Replacement Cost Value" and a figure for "Actual Cash Value," but did not itemize the amounts awarded any further or mention diminution in value.[1]

The issue of the amount of loss, including any potential diminution in value of the property, can be settled by the appraisal process. See *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 171-172 (637 SE2d 27) (2006).[2] And an award issued as a result of that process is binding on the parties as to the amount of loss

---

[1] We note that the question of whether diminution in value occurred here, even after repairs had been made, is one of fact. The parties are bound by our previous determination that there is at least some evidence creating a genuine issue of material fact as to the diminished value of the house. See *Woodrum*, 347 Ga. App. at 94 (2) (a); see also *State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498, 505 (4) (556 SE2d 114) (2001) (measure of damages for diminution in value is "the difference between pre-loss value and post-repair value").

[2] As Georgia Farm Bureau points out, "an appraisal clause can only resolve a disputed issue of value. It cannot be invoked to resolve broader issues of liability." *McGowan*, 281 Ga. 169 at 172. Accordingly, to the extent that Georgia Farm Bureau challenges its liability for loss associated with diminution in value, the appraisal clause cannot be invoked to resolve that issue.

unless the award is set aside. See *Southern Gen. Ins. Co. v. Kent*, 187 Ga. App. 496, 497 (1) (370 SE2d 663) (1988).

The appraisal award issued here does not indicate that any potential diminution in value was assessed and although the Woodrums have not pointed to any requirement that the appraisal award be itemized, see *Bell v. Liberty Mut. Fire Ins. Co.*, 319 Ga. App. 302, 305 (1) (a) (734 SE2d 894) (2012), we cannot assume that this separate category of loss was included in the award without evidence to support that assumption. Georgia Farm Bureau has not pointed to any evidence that the appraisal award included damages for diminution in value or that diminution in value was assessed during the appraisal process. Nor has our review of the record revealed any such evidence. Accordingly, based on the existing record, the trial court erred in granting summary judgment to Georgia Farm Bureau on the breach of contract claim on the ground that the appraisal award constituted full and final payment of the loss, including any diminution in value.[3]

---

[3] To the extent that Georgia Farm Bureau contends that the Woodrums were required to submit a separate claim for diminution in value, we note that if the policy does not require the insured to assert a right to recover any particular element of damage, "it stands to reason that the policy does not require a separate claim for diminution in value." *Mabry*, 274 Ga. at 508 (4).

3. Finally, the Woodrums contend that if their breach of contract claim is reinstated, it will support their breach of the implied duty of good faith and fair dealing claim and that it would therefore be error to grant summary judgment on the latter claim.

Although the trial court did not address this issue in its order, the court did grant Georgia Farm Bureau's renewed motion for summary judgment, which sought summary judgment on the Woodrums' claims for breach of contract and breach of the implied duty of good faith and fair dealing. Accordingly, as stated in *Woodrum I*, the trial court's "grant of summary judgment as to the breach of implied duty claim, premised on an erroneous grant of summary judgment on the breach of contract claim, must also be reversed." *Woodrum*, 347 Ga. App. at 95 (2) (b).

*Judgment reversed. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*